## Wright's Adm'r v. Carroll County.

(Decided Dec. 2, 1938.)

EUGENE MOSLEY, JR. and R. F. PEAK for appellant.

J. LYTER DONALDSON and R. J. WADE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

Otis Wilson Wright was killed on February 21, 1933, on the state highway between Carrollton and Milton in Carroll County. It is alleged that he was driving a truck and undertook to cross a bridge which gave way. The truck was precipitated into the water, resulting in Wright's death. Thereafter, the General Assembly, at its 1936 session, adopted a resolution (House Resolution No. 20) "authorizing Carl Wright, administrator of the estate of Otis Wilson Wright, deceased, to sue the Commonwealth of Kentucky, the State Highway Commission and the County of Carroll, or any one or more of them." Acts 1936, c. 441. Acting under this resolution, appellant brought suit in the Carroll circuit court against the County, the Highway Commission, and the Commonwealth. The circuit court sustained the demurrer of Carroll County to the petition. Plaintiff declined to plead further and his petition, insofar as it affected the county, was dismissed. This appeal followed.

The sole question presented for our consideration is whether or not the resolution of the General Assembly of 1936 properly authorized the bringing of this action against Carroll County. Whether or not the resolution is valid insofar as it undertakes to authorize suit against the Commonwealth or the Highway Commission is not before us.

Appellant places great reliance upon the cases of Commonwealth v. Haly, 106 Ky. 716, 51 S. W. 430, 21 Ky. Law Rep. 666; and Forsythe v. Pendleton County, 205 Ky. 770, 266 S. W. 639. In the Haly Case, it was held, two judges dissenting, that the prohibition of section 59 of the Constitution against the passage of a special law where a general law can be made applicable did not apply to a resolution of the General Assembly authorizing a suit against the Commonwealth. It was conceded that the resolution was "special" but it was pointed out that this method of authorizing suit against the state had existed for a century, and the court concluded, in view of this custom, that the special resolution would not be regarded as covering a case "where a general law can be made applicable, within the meaning and spirit of the constitution" [page 431]. No such custom had existed in regard to the authorization of

suits for tort against counties, and we are not disposed to extend the rule of the Haly Case beyond its strict letter. Indeed, if the question were one of first impression, we would have grave misgivings, in the light of subsequent experience, as to the soundness of the rule in its application to the Commonwealth itself. No doubt can exist as to the special character of the resolution before us and, whatever may be said as to the Commonwealth, certainly a general law could be made applicable to counties. See Section 1840a-1 of the Kentucky Statutes (1936 Edition).

The Forsythe Case, supra, held that a county could not be sued for its torts "without the consent of the state, expressly given" [page 640]. Manifestly, the Commonwealth can give its consent only in conformity with the Constitution. As pointed out above, the only way in which this consent can be given is by a general law and not, as here attempted, by a special resolution retrospective in its operation.

In the case of Ethel Carr v. Jefferson County, 275 Ky. 685, 122 S. W. (2d) 482, this day decided, we held invalid a resolution of the General Assembly authorizing a suit for tort against Jefferson County under subsection 29 of section 59 of the Constitution. It is unnecessary here to repeat the reasoning which led to our conclusion in that case.

Judgment affirmed.

Whole Court sitting.