[Cited, *Howard v. Duke,* 19 Ky. L. 2008, 45 S. W. 69.]

---

COMMONWEALTH *v.* L. F. CHEVIS.

[Abstract Kentucky Law Reporter, Vol. 4—892.]

**The Right to Sue the State.**

The right to sue the state is a matter of legislative grace, and the extent of the recovery and manner of proceeding is to be governed by the terms of the grant.

**No Reversal on Weight of the Evidence.**

Where the issue is a purely legal one and the court below has passed upon the evidence and found it insufficient to support the claim, such finding not being flagrantly against the weight of the evidence, will be held conclusive and will not be disturbed.

## APPEAL FROM FRANKLIN CIRCUIT COURT.

April 17, 1883.

OPINION BY JUDGE HINES:

The assignment of errors in the appeal is so general as to present only two questions, the one as to the sufficiency of the pleadings by appellee, and the other as to whether the evidence is enough to support the finding in favor of appellee. There is no serious contention that there is any reversible error in reference to either of these points, the errors insisted upon being those, if existing, not brought to the consideration of the court by proper assignment. The pleadings are unquestionably good to the extent of supporting the judgment, and the evidence authorizes the conclusion arrived at by the court below.

Upon the cross-appeal two things are insisted upon, first that appellee ought to be permitted to recover for moneys expended in the prosecution of his claim before two several commissioners appointed under acts of the legislature to ascertain the amount that might be due from the state. To this it is sufficient to say that the right to sue the state is a matter of legislative grace, therefore the extent of the recovery and manner of proceeding is to be governed by the terms of the grant; and as the act of the legislature authorizing this section does not cover such a claim it can not be considered.

Second, it is insisted upon the cross-appeal that appellee should have been allowed to recover for profits that he would have made on materials which he, under the contract, had the right to furnish and which right was denied to him. The law would authorize a recovery in such case when properly presented, as in this case, and when supported by evidence; but the issue being purely legal and the court below having passed upon the evidence and found it insufficient to support the claim, that finding not being flagrantly against the weight of the evidence must be held conclusive.

Judgment *affirmed* on both appeal and cross-appeal.

*Z. F. Smith, P. W. Hardin, for appellant.*

*J. & J. W. Rodman, for appellee.*