CASE 90—ACTION AGAINST COMMONWEALTH—JUNE 1.

# Commonwealth v. Haly, Etc.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—SPECIAL RESOLUTION AUTHORIZING SUIT
   AGAINST THE COMMONWEALTH.—A joint resolution authorizing
   named persons to sue the Commonwealth on certain claims in
   the Franklin Circuit Court is not a violation either of (1) sec-
   tion 231 of the Constitution, or (2) section 59 inhibiting spec-
   ial legislation where a general law can be made applicable.
   Such a resolution is not a "law" within the meaning of either
   section.
2. LIMITATION—IN FAVOR OF COMMONWEALTH.—Limitation does not
   begin to run in favor of the Commonwealth until permission has
   been granted to maintain a suit against it.
3. TREASURY—GENERAL EXPENDITURE FUND.—A judgment against the
   Commonwealth is payable out of the general expenditure fund
   where the military fund for a given year out of which the
   claim was originally payable has been exhausted.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER
   FOR APPELLANT.

   The Legislature by joint resolution may not authorize an in-
   dividual to sue the Commonwealth upon a specific claim.    Such

a resolution is prohibited by the Constitution. Secs. 46, 51, 55, 230, 231 of Ky. Con.; Cooley on Con. Lim., pp. 65, 94; Sutherland on Stat. Con., secs. 30, 66, 79; May v. Rice, 91 Ind., 546; Galbreath v. Kuykendall, 1 Ark., 50; Estill v. Bailey, Id., 131; Woolford v. Dugan, 2 Id., 131; Ferris v. Crow, 5 Gilman, 96; Leighton v. Hall, 31 Ill., 108; Hutchins v. Edson, 1 N. H., 139; Little v. Little, 5 Mo., 229; 1 Black., 86; Ky. Stats., sec. 2704; Moore v. Maryland, 28 Am. Rep., 483.

IRA AND W. H. JULIAN FOR APPELLEE.

1. Appellees were duly authorized to institute this suit. Joint Resolution of Gen'l. Assem. of Ky., approved March 15, 1898; Michigan St. Bk. v. Hastings, 41 Am. Dec., 552.

2. The State's immunity from suit is a personal privilege which it may waive at pleasure. Clarke v. Bernard, 108 U. S., 447; Cohens v. Virginia, 6 Wheaton, 100.

3. By the Constitution of the United States and the rules of the two Houses, no absolute distinction is made between bills and joint resolutions. Barclay Digest; Webster's Unabridged Dictionary, word "joint."

4. The cause of action herein is against the State, and is based upon express contract, and limitation against the same did not begin to run until adoption of said joint resolution in 1898.

5. This court will not reverse for error not specified in the motion and grounds for a new trial. McLain v. Dibble, 13 Bush, 297; Slater v. Sherman, 5 Bush, 206; Com. v. Williams, 14 Bush, 297; Jones v. Wocher, 90 Ky., 230.

6. The jurisdiction of the court of the person of the Commonwealth was waived by failure to object thereto as provided by the Code. Civil Code, sec. 92.

7. The judgment below will not be reversed or modified, except for error to the prejudice of the substantial rights of appellants. Civil Code, sec. 756.

8. Representation of the Commonwealth by the Attorney-General. Ky. Stats., sec. 113.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Upon the requisition of the quartermaster of the 2d regiment of the Kentucky State guard, appellees, who are merchants and supply people, furnished the State encampment with sundry and divers articles of food, camp furniture, etc., during the encampment, held pursuant to law, near Frankfort, in August and September, 1891.

For some reason not apparent in the record, these claims were not paid, although approved by the proper military authorities. Finally, in 1898, a joint resolution of the General Assembly was in due form adopted and approved by the governor, authorizing appellees to institute suit on their claims against the Commonwealth in the Franklin Circuit Court. In the suit brought under this authority, the justness of the claims was fully established, and the articles as ordered by the quartermaster were shown to have been necessary for the use of the encampment. Judgments were accordingly rendered for the amount of the various demands sued on, without interest.

The learned Attorney-General interposed in the lower court, and urges here, certain provisions of the Constitution as precluding a recovery on these demands. Section 231 of that instrument provides as follows: "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." And it is contended that the joint resolution on which appellees base their right to sue is not a direction *by law*, within the meaning of the section quoted. We are not disposed to controvert this proposition. A joint resolution may not be "a law," within the meaning of the section. But we do not understand that the Legislature, in consenting to subject the Commonwealth to the jurisdiction of her courts in the matter at hand, was attempting to enact a law in conformity with the provisions of section 231. That such a law might be enacted general in its terms, and applicable to every controversy between the sovereign and the subject, may be conceded. We understand such a law does exist in some of the States. But the General Assembly of this State has never exercised its right to pass such a law. Although clothed by express

constitutional authority to do so, it has persistently de-
clined to exercise the authority, and enact such a law.
This provision is not a new one to our organic law. It is
found in our first Constitution adopted in 1792, and has
been in each of the Constitutions since then. In speaking
of this section, it was said by this court, in 1828 (Divine v.
Harvie, 7 T. B. Mon. 440): "Although the Constitution has
declared that 'the General Assembly shall direct, by law,
in what manner and in what courts suits may be brought
against the Commonwealth,' yet that body has never com-
plied with this direction, but has hitherto kept in its own
power the granting of justice to creditors of the State on
petition. This voluntary grant of the State to individuals
is the only judgment and execution to which the State is
subject."

While therefore the voluntary grant to these ap-
pellees by joint resolution is not an attempted compli-
ance with the provisions of section 231, and is not therefore
a law, within the meaning of that section, it is neverthe-
less an effective consent of the sovereign to subject itself
to the jurisdiction of the Franklin circuit court in the par-
ticular matter involved, unless, indeed, this consent is pro-
hibited by section 59 of the Constitution, which provides
that the General Assembly shall not pass local or special
acts (paragraph 29) in any case "when a general law can be
made applicable."

If this prohibition applies to the state of case at hand,
then, before individual wrongs may be righted or sup-
posed just demands be put to legal test in the courts, the
Legislature must reverse the policy of a century, and en-
act a general law giving to all alleged creditors authority
to sue the State.

The only question, at last, is, how may the creditor ob-

tain the consent of the State to be sued? The suggestion
is not to be tolerated that he is without remedy. Surely
he may petition his sovereign as in former times the sub-
ject might petition his prince. So the question is, shall
the State enact a general law, through which "unnumber-
ed woes may come," or, choosing the lesser evil, shall it
continue to keep "in its own power the granting of justice
to its creditors?"

We do not believe that this joint resolution, al-
though confessedly special, in that it is for the
sole benefit of certain individuals, can be regarded as cov-
ering a case where a general law can be made applicable,
within the meaning and spirit of the Constitution. There
is certainly no constitutional or statutory inhibition of suit
against the State, and there is not a term of the Franklin
circuit court at which the State at the will of its officials
does not submit its rights to the jurisdiction of that court
either as plaintiff or defendant. It may, and does often,
intervene in suits pending in the various courts of the
State. We can not believe that the action of the General
Assembly, as expressed in the resolution, is to be held less
effective in subjecting the State to the jurisdiction of its
courts than the action of these State officials in the vari-
ous suits in which it often appears at their instance as a
litigant. Its immunity from suit is a mere personal privi-
lege, and it may waive it by the action of its Legislature.
It may certainly pay a just demand, and it may as certain-
ly refer the question to the courts. As the State was not
suable until it adopted the resolution in question, the plea
of limitation can not defeat recovery. It is proper to say
that, as the military fund for the year in which the en-
campment in question was held has been exhausted, the
payment of the judgment obtained is of necessity to be

made out of the general funds in the treasury not otherwise appropriated.

The judgment is affirmed.

JUDGES DuRELLE AND GUFFY DISSENTING.