## Pennington's Administrator et al. v. Commonwealth.

(Decided February 23, 1932.)

CHARLES N. HOBSON, FRANK P. STIVERS and A. D. HALL for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

The Kentucky State Industrial College was an institution owned, conducted, and maintained in Franklin county, Ky., by the commonwealth of Kentucky, for the education of colored persons. In April, 1927, Annie May Pennington who had previously matriculated as a resident student of the institution, lost her life by fire which destroyed the building in which the institution of learning was conducted. The General Assembly at its 1930 session adopted the following resolution:

"Be it resolved by the General Assembly of the Commonwealth of Kentucky: That Walter Pennington, the father of the deceased Annie May Pennington, be and the same is hereby empowered and authorized to file suit and prosecute appropriate actions against the Commonwealth of Kentucky for the purpose of determining the liability of the Commonwealth for such injuries and death, if any there be. Such action may be brought in the Franklin circuit court, the same being the county in which such injuries and death occurred."

Walter Pennington qualified as the administrator of the estate of Annie May Pennington, and, by virtue of the authority of the resolution, instituted in the Franklin circuit court this action against the commonwealth of Kentucky to recover of it damages resulting to her estate by reason of her death. The cause of action was predicated upon the negligence of the commonwealth, its agents, employees and those in charge of the Kentucky State Industrial College at the time of her death, and because of its and their failure to construct

and maintain suitable and sufficient fire escapes, and to install emergency apparatus to be used in case of fire.

On a trial by jury, a peremptory instruction was awarded to the commonwealth at the conclusion of the evidence offered by appellant, from which this appeal was taken.

The Attorney General insists that the resolution adopted by the General Assembly merely waives immunity from suit, but that it does not either expressly or impliedly waive the right of the commonwealth to insist · on its immunity from suit arising from the mistake or negligence of its agents or employees in the construction and operation of the building or their failure to equip it with adequate equipment in case of fire. It is conceded by the appellant that the state cannot be sued by a claimant in its own courts or in any other, except by its express consent [Ketterer's Adm'r v. State Board of Control, 131 Ky. 287, 115 S. W. 200, 20 L. R. A. (N. S.) 274; Commonwealth v. Stevens, 3 Ky. Law Rep. 165; Zoeller v. State Board of Agriculture, 163 Ky. 446, 173 S. W. 1143; Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303] and that the immunity of the commonwealth from suit is absolute and unqaulified for the mistake or negligence of its agents or employees representing it as a sovereignty in the transaction, and that its agents and employees are likewise immune from an action by reason of their official conduct or negligence.

It is insisted that, notwithstanding the resolution waives its immunity against being sued by the appellant, it may still rely on the fact that, if deceased's death resulted from the negligence of its agents and employees, this immunity was not expressly or impliedly waived by the resolution. Such a construction of the resolution renders it a nullity. Plainly it was the intention of the Legislature by its adoption of the resolution to waive its immunity against suit in its entirety and to place its defense on the same plane as an ordinary defendant, in the absence of an express reservation to the contrary. The sole object and purpose of the resolution was to empower the appellant to bring an action against the state to recover damages for the death of his decedent. To construe the resolution to mean that the commonwealth retained its immunity from the suit by reason of the conduct of its agents or employees is equivalent to charging the General Assembly in engaging in an absurd-

ity. The resolution did not create a cause of action against the commonwealth, nor admit that the appellant had a cause of action or was entitled to recover against it. It was necessary for the claimant to allege and show a cause of action against the state. The appellant was required to conform to the requirements of the general law in stating and proving his cause of action and to conform to the requirement of the resolution authorizing the action to be brought. Commonwealth v. Stevens, supra; Commonwealth v. Chevis, 4 Ky. Law Rep. 892. The resolution necessarily was a waiver of the commonwealth's immunity as a sovereign in its entirety, and does not reserve the right to rely on its exemption from liability for damages, if any was caused by reason of the negligence of its agents and employees in the construction, management, and control of the building and its equipment, in which deceased lost her life by reason of its destruction by fire. Commonwealth v. Collins, 12 Bush 386. When the General Assembly gave its consent that the sovereign might be sued, it left it to the court and jury to determine what, if any recovery, should be had according to law applicable in such cases between private individuals. Commonwealth v. Lyon, 72 S. W. 323, 24 Ky. Law Rep. 1747; Commonwealth v. Stevens, supra. When the commonwealth by the resolution consented without reservation that it might be sued, it thereby consented to be brought before its courts as any other defendant, and that appellant's claim against it was to be determined by the court according to those settled rules of law upon which the responsibility in like actions of individual litigants is determined. Green v. State, 73 Cal. 29, 11 P. 602, 14 P. 610; Metzel v. State, 16 Wis. 347; Jewell Nursery Co. v. State, 8 S. D. 531, 67 N. W. 629; The Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313.

It was stated in oral argument that the trial court awarded a peremptory instruction on the ground which we have considered. Therefore we only consider and determine that ground and no other, and expressly reserve our opinion on all other questions.

The judgment is reversed.

Whole court sitting.