## Carr v. Jefferson County.

(Decided Dec. 2, 1938.)

686

LOUIS N. GARLOVE and NORMAN CURTIS for appellant.

LAURENCE S. GRAUMAN and ROBERT L. SLOSS for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The petition alleges the plaintiff was injured November 24, 1934, when the car in which she was riding on the Shelbyville Road was struck by a truck belonging to Jefferson County and which was being negligently operated by an agent or servant of the county on its business.

The 1938 session of the General Assembly, by a joint resolution duly passed, authorized plaintiff to institute suit against Jefferson County, chapter 205, which she did April 8, 1938. The defendant county filed a general demurrer to the petition which was sustained.

Plaintiff declined to plead further, her petition was dismissed and her appeal brings before this court the question: Does the General Assembly have the authority by a joint resolution to authorize an individual to sue a county for a tort committed by an agent or an em-

ployee in its governmental business? This is the first time this question has been before this court.

It is the contention of the plaintiff that as the county is an arm of the Commonwealth the county comes within the meaning of Section 231 of our Constitution, reading: "The general assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."

The plaintiff further contends the words "by law" in Section 231 apply to a joint resolution the same as to a statute; that this resolution does not contravene subsection 29 of Section 59 of the Constitution, reading:

"§ 59. The general assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: * * *

"29. In all other cases where a general law can be made applicable no special law shall be enacted."

Plaintiff further contends this joint resolution does not violate Section 3 of the Constitution, reading:

"§ 3. All men, when they form a social compact, are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services * * *."

This court has previously defined a county as a subordinate political division of the State which does not possess corporate powers under special charter but exists by virtue of the general laws of the state apportioning its territory into political divisions for the convenience of government. Counties are part of the machinery of the government and are created for public purposes. Municipal and ordinary corporations accept special charters and presumably obtain valuable privileges while the leading object in establishing a county is to effectuate the political and civil organization of the state as to its general purposes and policies. They are arms of the state giving local effect to them; thus being only an arm, or branch of the state government, a county at common-law is no more liable to be sued for the negligence of its agents, servants, or officers, than a state is for those in authority of it; and the only lia-

bility of a county in such an instance exists by statute and in this state there is no statute making the state or a county liable for tort. A county can be sued under Section 242 of the Constitution which forbids the taking of private property without making just compensation therefor. As was said in Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966, the "taking" of property under Section 242 is not limited to obtaining physical possession of it. When the use of property is interfered with to the prejudice of the owner there is a diminution of the value of the property and that is a "taking" within the meaning of the section of the Constitution. We quote from Kentucky State Park Commission v. Wilder, 260 Ky. 190, 84 S. W. (2d) 38, 40:

> "The exemption of a county from suit unless the authority can be discovered in the statutes or found to exist by necessary implication from some express power given or the action is upon a contract which it could make is a well-established doctrine. Breathitt County v. Hagins, 183 Ky. 294, 207 S. W. 713. Immunity has been consistently denied where the county was sued for the value of land taken for roads and damages incident to trespass. This responsibility is planted squarely upon section 242 of the Constitution, the reason being that the county could have acquired the property taken (actually or constructively) in a legal manner under its right of eminent domain."

Plaintiff is correct, the General Assembly under Section 231 may waive the immunity of the state from suit by a joint resolution just as effectively as by passing a statute. It was so held in Commonwealth v. Haly, 106 Ky. 716, 51 S. W. 430, 21 Ky. Law Rep. 666, which has been followed continuously down to the very late case of State Highway Commission v. Hall, 274 Ky. 586, 119 S. W. (2d) 666. Indeed, defendant does not contend otherwise. In Commonwealth v. Haly, supra, this court in replying to the argument, a joint resolution of the General Assembly authorizing an individual to sue the state contravenes subsection 29 of Section 59 and therefore was special legislation and such authority could be given only by a general law, said this had been the policy of the General Assembly for a century and we would not overturn it. Commonwealth v. Bowman, 267 Ky. 50, 100 S. W. (2d) 801, followed the Haly Case and quoted copiously from it. The Haly Case was de-

cided in 1899 and today we might say this policy has existed for practically a century and a half, therefore, we do not feel justified in overturning the decisions sustaining it. We are not disposed to extend the doctrine of the Haly Case and those following it to a situation where the reason for these decisions does not exist. There has been no custom in the past thus to waive the immunity of a county. This is the first time we have been called upon to decide whether the General Assembly might do so and there is no precedent of almost 150 years to be set aside in saying such action by the General Assembly does contravene subsection 29 of Section 59. To permit suits in such instances against a county by special resolutions seems to us to be in the face of the constitutional inhibition.

The members of the General Assembly usually are deeply interested in what directly concerns their home counties and we can easily imagine a situation where some powerful group could form a bloc and prevent suits against their own counties, while on a similar, or identical, state of facts they might get through a resolution authorizing a suit against an adjacent or neighboring county. There could be a situation resulting from the joint negligence of the agents, servants, or employees of two counties and the General Assembly by a joint resolution might authorize suit against one of the counties and not against the other, although it may be a joint tort feasor. It was this sort of legislation that Section 59 was designed to prohibit.

There is yet another reason for not extending this doctrine to counties. The first paragraph of Section 59 reads: ''The general assembly shall not pass *local* or special acts concerning any of the following subjects, or for any of the following purposes, namely:'' (Our emphasis.)

It might reasonably be said such a resolution authorizing suit against the state would be special legislation, but it cannot be said it is local legislation. If the various counties could be made subject to suit by such a resolution, it would most certainly have to be classed as local legislation. While we do not attempt to say a joint resolution authorizing a suit against the state is not special legislation, we do hold that to extend this doctrine to a county's immunity from suit on a tort would be both special and local legislation. Should the

General Assembly in its wisdom desire to strip counties of their immunity from suits on torts, it must resort to general legislation so that all counties will be treated alike. By Section 1840a-1 of the Statutes, the 1934 session of the General Assembly authorized counties wherein a city of the second class is located to appropriate county funds, if they so desire, for the purchase of liability insurance to protect the public and its employees from the negligence of the agents and servants of the county in operating automobiles belonging to the county; provided the insurance policies contain a waiver of the right of the insurance carrier to deny liability of the county on account of its governmental capacity and to plead immunity on this account.

Other questions are presented which we do not deem it necessary to consider in view of our conclusion that the resolution in question offends Section 59 of the Constitution and is for that reason invalid.

The learned judge made no error in sustaining the demurrer to the petition and the judgment dismissing the petition is sustained.

The judgment is affirmed.

The whole Court sitting.