# Reid v. Robertson et al.

March 7, 1947.

Rehearing denied April 29, 1947.

W. B. Ardery, Judge.

James F. Clay and E. C. Newlin for appellant.

Eldon S. Dummit, Attorney General, and Emmett V. Mittlebeeler, Assistant Attorney General, for appellees.

Opinion of the Court by Judge Thomas—Affirming.

At the regular 1946 session of the General Assembly of Kentucky it enacted Chapter 238 on page 639 of the published Kentucky Acts of that year.

For a proper understanding of the questions here involved we deem it necessary and proper to insert herein the entire chapter, which is:

"An Act providing for the issuance of a license to Samuel C. Reid, of Danville, Kentucky, to practice veterinary medicine, surgery and dentistry in the Commonwealth of Kentucky, and authorize the said Samuel C. Reid to practice veterinary medicine, surgery and dentistry in this Commonwealth.

"Whereas, Dr. Samuel C. Reid of Danville, Kentucky, has had professional training in the practice of veterinary medicine, surgery and dentistry in this Commonwealth for a period of more than one year prior to July 1, 1916, upon which date the veterinary licensing law was enacted in this Commonwealth.

"Now, Therefore,

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"That Dr. Samuel C. Reid, of Danville, Kentucky, be and he is hereby authorized to practice veterinary medicine, veterinary surgery and dentistry in Kentucky, and the State Board of Veterinary Examiners is ordered and directed to issue to the said Samuel C. Reid, upon payment of the fee prescribed by KRS 321.040, a license to practice veterinary medicine, surgery or dentistry, which license shall confer all the privileges that are conferred by licenses issued by the State Board of Veterinary Examiners.

"It is the express intent of the General Assembly to confer the privilege herein conferred upon Dr. Samuel C. Reid in consideration of public services rendered by him to the Commonwealth over a long period of years."

The Act was not approved by the Governor and did not take effect until 90 days after the adjournment of the session at which it was passed, under the provisions of section 55 of our Constitution. After the chapter

became effective appellant, Samuel C. Reid, the sole beneficiary under the act, made application to the board of Veterinary Examiners, of which the appellee, Elliott Robertson, is chairman by virtue of his office, for a certificate qualifying him to practice veterinary medicine, surgery and dentistry in the Commonwealth without taking the required examination, and at the same time he tendered to the board the required fee of $7. The board declined to issue the requested certificate, on the ground that appellant did not come within any of the exemptions for examination under the present statutes requiring certificates to be issued to members of that profession, which is not embodied in Chapter 321 of the 1946 edition of KRS in sections 321.010 to and including 321.170. Such refusal by the board was because it concluded that chapter 238 of the 1946 Act (inserted above) was void because in violation of section 3 and subsection 29 of section 59 of our Constitution.

Section 3, which is a part of our Bill of Rights, so far as is applicable, says: "All men, when they form a social compact, are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services, * * *."

Section 59 says, in part: "The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, * * *." It then lists 28 subjects concerning which no local or special laws shall be enacted, and in its 29th listing it inhibits the enactment of local or special laws "in all other cases where a general law can be made applicable, no special law shall be enacted."

After the 1946 Act became effective, and after the board refused to issue the certificate applied for by appellant pursuant to its provisions, he filed this action in the Franklin circuit court against the chairman and other members of the Veterinary Board of Examiners to compel the board to comply with the appellant's request and issue to him a certificate without subjecting him to an examination as required by Chapter 321 of the 1946 edition of KRS, except in certain exempted cases none of which are alleged or shown to apply to appellant, or that under the terms of such exemptions

from examination under the current statute he is entitled to the certificate for which he applied and was refused. That fact appears to have been known by the members of the Legislature, which was the only possible reason for passing Chapter 238 of the 1946 Acts, since if appellant was eligible to receive the certificate for which he applied, under the exceptions in Chapter 321 of KRS there would have been no reason whatever for the enactment of the 1946 Act. The court sustained appellees' demurrer filed to the petition as amended, and he declining to plead further it was dismissed, from which he prosecutes this appeal.

In the "whereas" paragraph of Chapter 238 of the 1946 Acts it is recited that appellant "has had professional training in the practice of veterinary medicine, surgery and dentistry in this Commonwealth for a period of more than one year prior to July 1, 1916, upon which date the veterinary licensing law was enacted in this Commonwealth." Therefore, it is apparent that the Legislature was seeking to reinstate the status of appellant that he occupied under the exempting clause from examination to practice the profession for which he seeks qualification, as contained in the 1916 Act, which is Chapter 71 on page 589 of the published acts of that year.

Section (1) of that act created the State Board of Veterinary Examiners with the Commissioner of Agriculture, Labor and Statistics as its chairman. Section (3) required the board to notify all persons then practicing veterinary medicine, surgery and dentistry in the Commonwealth of the provisions of that act including "every person who has been a practitioner of veterinary medicine, surgery or dentistry in this Commonwealth for a period of one year next prior to the passage of this act," which is followed by the provision that all graduates of a school teaching the principles of such profession, and all of those practicing at that time for a period of one year before the taking effect of that Act should be entitled to certificates which the board was directed to issue to them without examination. However, in section (7) of the act it is provided that the recipient of a certificate thereunder "shall forthwith have it recorded in the offce of the county clerk of the county in which he makes his residence."

Further along in the latter section, requiring the registering of the certificate, it is provided that: "Until the certificate of license is recorded, the holder shall not exercise any of the rights or privileges therein conferred; and in case said certificate is not recorded within three months from the date of its issuance it shall become invalid."

Section 10 of Chapter 71 of the Acts of 1916 says: "10. It shall be unlawful after the first day of January, 1917, for any person to practice veterinary medicine, surgery or dentistry or any branch thereof in this Commonwealth if he does not hold a certificate or license issued by said board and registered as required herein."

In subsection (3) of section 13 of the 1916 Act it is prescribed, inter alia, that in "all cases of refusal, suspension or revocation the applicant or holder may appeal to the Governor, who may affirm or overrule the decision of the board." That provision is also contained in the present Chapter 321 of KRS. Appellant evidently did not make application for a certificate under the provisions of the 1916 Act, or if granted one, he did not have it registered as required by section 10 of the 1916 Act. Therefore, after the required date for registration of his certificate, if he had obtained one, for exemption rights from examination under that Act, expired without registration the only way that he thereafter could obtain a certificate was by bringing himself within the exceptions to the present law contained in Chapter 321 of KRS, or by taking the required examination before the board and which appears to be the status he occupied at the time Chapter 238 of the 1946 Act, here involved, was enacted.

However, if that conclusion should be incorrect for any reason, then the exemption from examination to one who has practiced the involved profession for as much as a year before July 1, 1916, is not contained in the present law, (Chap. 321 of KRS) and the attempt by Chapter 238 of the 1946 Act to confer upon appellant the privilege to practice such profession, which he was entitled to acquire under the 1916 Act is made applicable only to him alone as measured by his present status, and not to others similarly situated and conditioned, and which fact presents the question as to whether the 1946

Act is in violation of listing 29 of section 59 of our Constitution.

It is perfectly obvious that a general law could be made applicable to all other persons within the Commonwealth occupying the status of appellant in relation to his right to qualify as a veterinarian and to practice that profession. Therefore, the 1946 Act herein contested not embracing others similarly situated and conditioned, as is appellant, would seem violative of inhibition 29 of section 59.

The text in section 7, page 21 of 50 A. J. says: "In one sense, it may be said, the greater part of all legislation is special, either in the objects sought to be attained by it, or in the extent of its application. Ordinarily, however, a statute is regarded as a 'special law,' if it does not have a uniform operation. Within the meaning of this rule, a statute does not have a uniform operation if it does not relate to persons, entities, or things as a class, but to particular persons, entities or things of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitations, be applicable. This is true of statutes which are not general in their application to the class to which they apply, do not bring within their limits all those who are in substantially the same situation or circumstances, or who stand upon the same footing regarding the subject of the legislation, but which, to the contrary, discriminate between persons of the same class doing the same act. The vice of such statutes is that they do not embrace all the class to which they are naturally related. A classification renders a statute special where it is made to depend, not upon any natural, real or substantial distinction, inhering in the subject matter, such as suggests the necessity or propriety of different legislation in regard to the class specified, but upon purely artificial, arbitrary, illusory, or fictitious conditions, so as to make the classification unreasonable, and unjust. Sometimes, it is said that a law is special where its classification is not based upon some reasonable and substantial difference in kind, situation, or circumstance bearing a proper relation to the purpose of the statute, but which embraces less than the entire class of persons to whose condition such legislation would be necessary or

appropriate, having regard to the purpose for which the legislation was designed.''

In support of that text more than two pages of listed cases are cited from the various courts of the Union which we deem useless to list herein or to refer to other texts, since the definitions given in that publication are universally recognized by law writers and courts as correct definitions of that class of legislation. Measured by that rule there is no escape from the conclusion that the 1946 Act in question—being special when a general statute could be made applicable—is forbidden under the 29th inhibition of section 59 of our Constitution.

It may be said, however, that one rendering public services, within the contemplation of section 3 supra of our fundamental law authorizing the granting to him "exclusive, separate public emoluments or privileges" is not embraced by the provisions supra of our Constitution forbidding the enactment of special legislation. If, however, we should admit that contention to be correct (which is not now determined) there would still remain the question as to whether or not appellant is shown by the record to have rendered the character of public services as would entitle him to receive the "separate public * * * privileges" attempted to be conferred upon him by the contested 1946 statute.

The character of "public service" contemplated by section 3 of our Bill of Rights (formerly section 1 thereof in the Constitution prevailing in 1866) so as to entitle the one rendering them to separate "emoluments or privileges" is defined in the separate opinion of Judge Williams in the case of Ferguson v .Landram, 1 Bush 548, page 593 as being: "when the person shall, by heroic deeds, inventive genius, or great mental endowments, and a life of public virtue, become in the judgment of the Legislature, a public benefactor."

That definition was adopted and approved by this court in the case of Bosworth v. Harp, 154 Ky. 559, 157 S. W. 1084, 45 L. R. A., N. S., 692, Ann. Cas. 1915C, 277. The services performed by appellant, which the Legislature has expressed in the 1946 Act here involved as justifying the granting of the special privileges therein attempted to be conferred on appellant, consists only in

his practicing the profession of a veterinary surgeon for one year prior to the enactment of the 1916 Act supra. That service obviously does not come within the definition of the character of public services as contemplated by the Constitution to entitle one to separate public emoluments or privileges as framed by this court in the Landram case and approved in the Harp case. However, if the services by appellant had been such as to come within the definition made in those cases then the contested act herein would still be invalid, as we have seen, because not applicable to every one similarly situated and which is so declared in the text of 16 C. J. S., Constitutional Law, sec. 465, p. 924, saying: "The legislature, in the exercise of its police power for the promotion of the public welfare, may grant certain exemptions from the operation of general laws, where such exemptions are made applicable to all persons of the same class and similarly situated. * * *."

The same is declared in Commonwealth v. Kentucky Jockey Club, 238 Ky. 739, 38 S. W. 2d 987, 994. The principles herein set forth are also sustained and upheld in the domestic cases of Louisville R. Co. v. Louisville Fire & Life Protective Ass'n, 151 Ky. 644, 152 S. W. 799, 43 L. R. A., N. S., 600, Ann. Cas. 1915A, 89; Barker v. Crum, 177 Ky. 637, 198 S. W. 211, L. R. A. 1918F, 673 and Caudill v. Pinsion, 233 Ky. 12, 24 S. W. 2d 938, each of which are cited by counsel for appellant, but which clearly sustains the judgment appealed from.

We have said that the services rendered by appellant which the Legislature deemed necessary to entitle him to the special privilege attempted to be conferred, consisted of nothing more than practicing his chosen profession for one year prior to the enactment of the 1916 Act. Such services were performed in prosecuting a chosen profession—necessarily for compensation—by appellant in order to earn a livelihood. There was no performance of any "heroic deeds," the exercise of any "inventive genius or mental endowments" or a life of special virtue whereby appellant became a public benefactor. The services contemplated by section 3 of our Bill of Rights must be of a character directly affecting the public, at least to an appreciable extent and does not contemplate services that might remotely and indirectly affect the public. Were it otherwise the farmer

would render a public service that would entitle him to special privileges; the school teacher; a minister following his divine mission; an attorney at law, and those engaged in many other classes of service would be entitled to receive separate public emoluments and privileges under section 3 of our Bill of Rights, since the services rendered by the classes enumerated, and in others not enumerated, remotely benefit the public.

We therefore conclude that from no point of view is it possible to conclude that Chapter 238 of the 1946 Acts herein attached may be held valid.

Wherefore, the judgment is affirmed.