### DEPARTMENT OF CONSERVATION et al. v. SOWDERS et al.

Court of Appeals of Kentucky.
Dec. 14, 1951.

**STEWART, Justice.**

This is an appeal from a judgment of the Franklin Circuit Court dismissing, as not having been filed in time, an appeal from an award of the Workmen's Compensation Board granting to the widow and infant children of Luther E. Sowders, deceased, compensation benefits as prescribed by the Workmen's Compensation Act, KRS Chapter 342. We shall hereinafter refer to appellant as "Commonwealth".

On June 23, 1948, Luther E. Sowders, an employee in the Division of Forestry of the Department of Conservation of the Commonwealth of Kentucky, sustained injuries from an automobile accident while on duty that resulted in his death. He left surviving him a wife and four infant children as dependents. At the time of his death neither Luther E. Sowders nor the agency of the Commonwealth by which he was employed had elected to operate under the Compensation Act. The General Assembly at its 1950 Session enacted Senate Resolution No. 47, Chapter 251, Acts of 1950, whereby it provided that the Commonwealth, on behalf of its agency, the Department of Conservation, Division of Forestry, elected to accept and operate under the provisions of the Compensation Act, insofar as the employment of Luther E. Sowders was concerned, and the Workmen's Compensation Board was authorized and directed to permit the widow to file a claim for compensation with it within twelve months from the effective date of the resolution. This enactment further provided that after a hearing, if the Board should determine that the decedent was a forestry employee of the state and that his death resulted from injuries arising out of and in the course of his employment, then the board was empowered to award the widow compensation benefits to which she would be entitled under the present provisions of the Compensation Act applying to a death case. In the event the Board should make an award, the resolution stated that it should be paid by the State Treasurer out of the general fund or "out of any other funds in the state treasury not otherwise appropriated."

A. E. Funk, Atty. Gen., Armand Angelucci, Squire N. Williams, Jr., Frankfort, for appellants.

Smith, Reed & Leary and Clyde E. Reed, all of Frankfort, for appellees.

On August 10, 1950, acting under this resolution, the widow filed an application with the Board for compensation benefits, listing herself and her four infant children as dependents of the deceased. The case was heard and determined by the full Board in the first instance and an award was made by it on December 5, 1950, to the widow, as an individual and as the statutory guardian of her four infant children, of $20.00 per week for 400 weeks, but not to exceed the sum of $8000, beginning June 29, 1950. In addition, the widow was adjudged to recover burial expenses in the sum of $300. On December 7, 1950, the widow filed a motion for a full Board review, asking that the original award be amended to include doctor and hospital bills. On March 6, 1951, the Board overruled the motion but, on the same date, allowed the widow's attorneys the statutory fee based upon the award.

The Commonwealth opposed recovery at the Board hearing on two grounds: (1) That Senate Resolution No. 47 is unconstitutional; and (2) that the Board lacked jurisdiction to try the case because neither employer nor employee had elected to operate, nor was either operating, under the Workmen's Compensation Act, as required by the Act, at the time of Sowders' injury. The Board, acting upon the theory that it is not a court, decided it was without authority to pass upon the constitutionality of the resolution. See Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S.W. 846. As to the jurisdictional plea, the Board concluded that, since the Commonwealth had entered its appearance by stipulating to certain facts in advance of the hearing, it had waived the jurisdiction of the Board to hear and determine the case.

On March 23, 1951, the Commonwealth appealed from the award of the Board to the Franklin Circuit Court and, at the same time and in addition thereto, it filed a petition for a declaration of rights and for injunctive relief against the enforcement of the orders of the Board of December 5, 1950, and of March 6, 1951. The Chancellor adjudged that the appeal had not been filed within the 20-day period of time required by KRS 342.285. He further held that, conceding that the resolution was unconstitutional, the award would be voidable only and therefore not subject to collateral attack by an independent action of the Commonwealth. In consequence, the appeal and the petition were dismissed, and injunctive relief was denied the Commonwealth.

On this appeal the Commonwealth urges for reversal the same grounds that it assigned before the Board and the circuit court, namely: (a) That Senate Resolution No. 47 is void because it violates the Constitution of Kentucky; and (b) that the Board had no jurisdiction over the parties or the subject matter, with the result that the orders of the Board were void. We shall discuss these grounds in the order named.

The Commonwealth contends that the resolution is an attempt to circumvent subsection 29 of Section 59 of the Constitution, which reads thus: "The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely:

\*     \*     \*     \*     \*     \*

29. "In all other cases where a general law can be made applicable, no special law shall be enacted."

■ This Court has held in numerous decisions that the General Assembly has the right to waive the immunity of the Commonwealth from suit. Nevertheless, there has not always been unanimity of opinion as to the soundness of this doctrine among the members of this Court. See Commonwealth v. Haly, 106 Ky. 716, 51 S.W. 430, where two judges dissented, and Daniel's Adm'r v. Hoofnel, 287 Ky. 834, 155 S.W. 2d 469, where three judges did not concur in the majority opinion upholding the doctrine. The Haly case [106 Ky. 716, 51 S. W. 431] pointed out that this method of authorizing suit by special resolution against the state had existed for more than a century and that, in view of what amounted to a custom, the special resolution would not be regarded as covering a case "where a general law can be made applicable, within the meaning and spirit of the constitution". Since the justification for the rule is based

almost solely upon custom, the tendency of this Court has been to confine the application of this doctrine strictly to *suits* against the *Commonwealth*. In Carr v. Jefferson County, 275 Ky. 685, 122 S.W.2d 482, and in Wright's Adm'r v. Carroll County, 275 Ky. 690, 122 S.W.2d 485, 486, we declared unconstitutional as violative of subsection 29 of Section 59 a special resolution authorizing a suit on a tort claim to be prosecuted against a county; and we said in the Carroll County case: "No such custom had existed in regard to the authorization of suits for tort against counties, and we are not disposed to extend the rule of the Haly Case beyond its strict letter. Indeed, if the question were one of first impression, we would have grave misgivings, in the light of subsequent experience, as to the soundness of the rule in its application to the Commonwealth itself."

■ When we examine Senate Resolution No. 47 it is obvious that the General Assembly seeks to do away with the necessity of requiring the widow to institute a suit to establish a claim against the Commonwealth. The special act is in effect an admission that an agency of the Commonwealth is liable in damages to the widow and the Board is nominated as an arbitrator to determine how much shall be paid under the circumstances. All that distinguishes the payment authorized to be made under the resolution from an appropriation by the General Assembly was the failure of the Legislature to specify a sum certain. We find ourselves unable to go along with special legislation, under the controversial doctrine of ancient usage, that dispenses with the necessity of filing a suit to determine, at the outset, whether or not the Commonwealth is liable under the facts of the case.

Removal of the Commonwealth's immunity from suit by special action of the Legislature has also been upheld upon the theory that, although Section 231 of the Constitution has declared "the General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth", yet, as was said in Divine v. Harvie, 7 T. B. Mon. 440,

"that body has never complied with this direction, but has hitherto kept in its own power the granting of justice to creditors of the state on petition." Unquestionably the resolution here cannot be regarded otherwise than an attempt to cover a special case when a general law now in existence is otherwise applicable within the meaning and spirit of Section 231. KRS 342.010 provides that any department of state government may, if the head of such department so elects, accept the provisions of and operate under the Compensation Act. It is common knowledge that the Department of Highways has elected to accept, and is now operating under, the Compensation Act. But, the failure of the Division of Forestry of the Department of Conservation to place itself and its employees within the application of the Compensation Act does not, on the theory of granting redress to a claimant against the state, justify the action of the General Assembly in attempting to apply retroactively to a particular person and to no other the substantive provisions of an existing general law. Such special legislation is repugnant not only to the letter but to the very spirit of subsection 29 of Section 59 of the Constitution.

It is our opinion, and we therefore hold, that Senate Resolution No. 47 violates subsection 29 of Section 59 of the Constitution and, for this reason, is void.

■ Since the resolution is unconstitutional the Board did not have jurisdiction over the parties and the subject matter; therefore, the award of the Board is void and subject to collateral attack. The general principle of law that the absence of jurisdiction of an administrative body to render a particular decision constitutes sufficient cause for a collateral attack is well stated in 42 Am.Jur., Public Administrative Law, Section 159, p. 517: "It is generally said that, like the judgment of a court, an administrative decision made by an agency acting in a judicial or quasi-judicial capacity is open to collateral attack on the ground that the decision is invalid and void for lack of jurisdiction over the person or over the subject matter, or because the determination attacked was not

the act of the body vested with power to make the determination." See also 31 Am. Jur., Judgments, Section 597, p. 193.

Wherefore, the judgment is reversed, with directions that it be set aside, and for proceedings consistent with this opinion.