COMMONWEALTH of Kentucky, Department of Highways of Commonwealth of Kentucky, Appellants,

v.

Emma McCOUN, Appellee.

COMMONWEALTH of Kentucky, Department of Highways of Commonwealth of Kentucky, Appellants,

v.

Orene Swango DAVIS, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

Rehearing Denied June 20, 1958.

Jo M. Ferguson, Atty. Gen., Hafford E. Hay, Asst. Atty. Gen., for appellants.

Thomas F. Marshall, Frankfort, Edward E. Bach, Campton, for appellees.

STANLEY, Commissioner.

The vital question before the Court is the constitutional power of the Legislature

since it has enacted a general law which can be made applicable to all such cases, to pass a joint resolution permitting certain persons to sue the Commonwealth for damages on individual claims and authorizing the payment of any judgments recovered.

The General Assembly, at its regular 1956 session, passed a joint resolution authorizing Mrs. Emma McCoun and Mrs. Orene Swango Davis to sue the Commonwealth and the Department of Highways in the Wolfe Circuit Court for $15,000 each for damages for personal injuries alleged to have been caused by negligence in the construction and maintenance of a highway. The resolution directed that any recovery should be paid out of the General Expenditure Fund and provided that no plea of limitation should be interposed, four years having elapsed since the accident. Ch. 223, Acts of 1956. The complaints filed pursuant thereto allege the plaintiffs were injured by their automobile skidding on mud and sand which had been negligently permitted to accumulate on the road from a landslide. The cases were tried together and judgments for $15,000 each were recovered. The Commonwealth and the Department of Highways appeal but do not bring up the transcript of evidence.

It is an accepted postulate that as a matter of public policy neither the state nor any of its agencies may be held liable for damages resulting from negligence in the performance of governmental functions, nor subjected to suit therefor without express waiver or permission being granted by the Legislature. Throughout the state's history such waivers have been by passing special resolutions for each case. Prior to the adoption of the present Constitution in 1891 there was no ban upon local or special legislation. But § 59 of the present Constitution positively prohibits the General Assembly from passing local or special acts concerning twenty-eight specified subjects and purposes. The twenty-ninth paragraph of the section reads: "In all other cases where a general law can be made applicable, no special law shall be enacted."

The first case challenging the constitutional validity of a joint resolution of the General Assembly authorizing a suit by named persons to recover sums due for supplies furnished the state is Commonwealth v. Haly, 106 Ky. 716, 51 S.W. 430, 21 Ky. Law Rep. 666. The opinion points out that although the several constitutions of the state have clothed the Legislature with power to enact a law in general terms with application to controversies between the state and the people which would constitute a consent or waiver, the Legislature had never exercised that power. The authority is § 231 of the Constitution, which reads: "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." The court suggested that while a joint resolution may not be "a law" within the meaning of that section, "such a law might be enacted general in its terms, and applicable to every controversy between the sovereign and the subject." The court stated that since a special resolution was the only way in which a creditor could obtain the consent of the state to be sued on a just claim in the absence of a general law to that effect, it would be intolerable not to afford him a remedy. The resolution was, therefore, held to be a valid consent of the Commonwealth. In later cases similar resolutions authorizing suits and the satisfaction of judgments on both contract and tort claims have been upheld upon that ground. But their dubious validity where the question was raised has been sustained (as in the initial case) by a divided court. The latest case, Daniel's Adm'r v. Hoofnel, 287 Ky. 834, 155 S.W.2d 469, was decided under the rule of stare decisis. In Carr v. Jefferson County, 275 Ky. 685, 122 S.W.2d 482, 483, after commenting upon the long adherence to the foregoing construction of the Constitution, the court held it would not be extended to sanction such special legislation authorizing suits against a county as a political division of the state.

In 1946 the Legislature first enacted a law of general application to all persons and claims for personal injury or property damage caused by negligence in the construction, maintenance and policing of the highways of the state. The Act set up a Board of Claims, and invested it with authority to receive and hear proof on such claims and award compensation not to exceed $1,000. Ch. 189, Acts of 1946. In 1950 the statute was amended and expanded to cover claims "for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its agents or employees while acting within the scope of their employment by the Commonwealth or any of its departments or agencies." The limitation on the amount which could be awarded was increased to $5,000. The statute further directs out of what funds claims or judgments shall be paid. Appeals to the Franklin Circuit Court, and thence to the Court of Appeals are authorized. Ch. 50, Acts of 1950. The personnel of the Board of Claims was later changed to five members of the Workmen's Compensation Board. 1956, 1st Ex.Sess., Ch. 7. The act is now KRS 44.070 to 44.160.

Thus the General Assembly has finally settled the question of dubious validity of special resolutions by enacting a law under direction of § 231 of the Constitution which is general in character and which "can be made applicable" to all claims against the Commonwealth. § 59, Twenty-ninth paragraph. It has provided a general remedy and set up a quasi-judicial tribunal to determine the justness of all claims and to pay such as may be found meritorious, affording proper and full judicial review.

▮ Although all joint resolutions are not necessarily regarded or treated as laws, yet a resolution of this present character is regarded as having the force and effect of a law. Commonwealth v. Lyon, 72 S.W. 323, 24 Ky.Law Rep. 1747. When a general law has been enacted which is applicable to the same subject and purpose of a special joint resolution having the effect of that law, we hold that such a special resolution is prohibited. It was held in Department of Conservation v. Sowders, Ky., 244 S.W.2d 464, that a joint resolution authorizing and directing the Workmen's Compensation Board to accept and to adjudicate a claim of the family of a named deceased employee of one of the departments of the state government was constitutionally invalid. The reason was that there had been enacted a general law, KRS 342.010, providing that any department of the state government may elect to accept the provisions of and operate under the Workmen's Compensation Act. The department employing the deceased employee had not elected to do so. We held that the joint resolution could "not be regarded otherwise than an attempt to cover a special case when a general law now in existence is otherwise applicable within the meaning and spirit of § 231" of the Constitution.

▮ The limitation of $5,000 does not deprive the statute of its character as a "general law," for it uniformly operates on and applies to all persons and claims within its scope and range. This distinguishes it from a special law, which is a law that relates to particular persons or things and grants special privileges or imposes special burdensome conditions upon persons or things arbitrarily selected or set apart from the general body or whole class of those who stand in the same relation to the subject of the law. Shaw v. Fox, 246 Ky. 342, 55 S.W.2d 11; Johnson v. Commonwealth, ex rel. Meredith, 291 Ky. 829, 165 S.W.2d 820; Reid v. Robertson, 304 Ky. 509, 200 S.W.2d 900; Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154. Although there may be just and meritorious claims for more than $5,000, and persons having claims for a greater sum are to that extent without relief, the central point or the essential factor is that the statute embraces all persons and all claims notwithstanding the limitation on the

amount that may be recovered. It is indisputable that in waiving sovereign immunity from liability for tortuous acts of the state's agents and in consenting to be sued therefor, the Legislature may impose any restriction thereon it pleases and may prescribe such modes, terms and conditions as it sees fit. Pennington's Adm'r v. Commonwealth, 242 Ky. 527, 46 S.W.2d 1079; Kentucky State Park Commission v. Wilder, 260 Ky. 190, 84 S.W.2d 38; Watkins v. Department of Highways, Ky., 290 S.W.2d 28. The Commonwealth has withheld consent to be sued or to become liable for more than $5,000.

In Commonwealth v. Daniel, 266 Ky. 285, 98 S.W.2d 897, 898, the Attorney General, in again challenging the validity of a special resolution which authorized a person to sue the state for damages but limited the recovery to $6,000, raised the point that the limitation itself constituted special legislation and was forbidden not only by § 59, but by § 54 of the Constitution, which expressly denies the Legislature power to limit the amount that may be recovered for injuries to person or property. In rejecting the argument, the court said, "Without the enabling act, the appellee had no remedy. Immunity from suit is a privilege which a sovereign may waive or refuse to waive at its pleasure, but, if it waives the privilege, it can do so with such restrictions as it sees fit to impose."

The conclusion that the statute is a general law is fortified by the fact that it is not a statute establishing a right of action in private parties in which an arbitrary sum is fixed as determinable of the right. The statute, as we have observed, is one which extends legislative grace and consent to all persons alike up to a limit of $5,000.

■ We take notice also of KRS 44.160, which provides that the Board of Claims Act "shall not be construed to deprive any person whose claim amounts to more than $5,000 from suing in the courts, where such

right exists or would have existed if KRS 44.070 to 44.160 had not been enacted into the laws of this Commonwealth; provided however, any action prosecuted to judgment under the provisions of KRS 44.070 to 44.160 shall preclude the right of such claimant to sue the Commonwealth or any of its departments or agencies in any other forum." Of course the parties in this action never at any time had a right to sue the Commonwealth until the Resolution was approved by the Governor on February 28, 1956. To be sure, they had the right or the privilege of petitioning the Legislature to grant them an opportunity to seek relief in the courts. But certainly they had no vested right to have the Legislature ignore its statutory general waiver and give preferential consideration and favor to them above all other persons by granting a special waiver. We construe this provision of the statute, KRS 44.160, to refer to traditional or recognized rights of action to sue the Commonwealth or any of its officers or departments without special consent. Of such are suits to recover compensation for the taking of property (as the Constitution requires shall be paid) or to recover illegal taxes, or to test the validity of or construe laws and administrative regulations and acts, or to obtain injunctive or other equitable relief.

■ We, therefore, hold that since the Legislature has enacted a general law on the subject of claims for damages against the state and its departments allegedly caused by negligence, the mandatory ban of § 59 of the Constitution prevents the enactment of a special law or resolution. Hence, the resolution authorizing these suits and the judgments obtained pursuant thereto are void. Accordingly, the judgments are reversed with directions to dismiss the complaints.

BIRD, MILLIKEN and MONTGOMERY, JJ., dissent.

BIRD, Judge (dissenting).

I cannot agree with the majority opinion in either reasoning or result and I regret that I do not have the time to deal with the problem exhaustively. I will however endeavor to point up my basic objections. Let us begin with the fundamental and incontrovertible proposition that, except by waiver and consent, the Commonwealth is not subject to be sued on this claim. Waiver and consent are permitted under Section 231 of the Kentucky Constitution of 1891, providing the sole means in such cases for waiver of immunity and consent to be sued. The section reads as follows: "The General Assembly may, by law, direct *in what manner* and *in what courts suits* may be brought against the Commonwealth." (Emphasis mine.) This section contemplates a remedy by *suit,* known then and now as an action in court. The framers certainly did not contemplate a Board of Claims such as created by Chapter 44 of the Kentucky Revised Statutes or any proceeding thereunder. Section 231 provides also that the General Assembly may determine the manner in which the *suit* may be brought, but still more important is the fact that the framers provided that the Legislature, in event of a waiver, should designate *the court* in which the suit should be brought. Section 231 deals directly and solely with suits against the Commonwealth and provides that they shall be *brought* in some *court* designated by the General Assembly.

In speaking of the Board of Claims the majority opinion says:

"It has provided a general remedy and set up a quasi-judicial tribunal to determine the justness of all claims and to pay such as may be found meritorious, affording proper and full judicial review."

Section 231, the only authority for waiver and consent, contemplates a suit "brought in" and not "reviewed by" the courts and it does not contemplate any intermediate action before reaching the court. To adhere to the holding in the majority opinion we are compelled to say that the Board of Claims constitutes a court created by the General Assembly having exclusive original jurisdiction of all negligence actions against the Commonwealth. This is not only repugnant to the plain provisions of Section 231 but is positively forbidden by Section 135 of constitution providing that "No Courts, save those provided for in this Constitution, shall be established." Any attempt, therefore, to confer upon the Board of Claims the exclusive original jurisdiction in any negligence action against the Commonwealth is in contravention of Sections 231 and 135 and is therefore invalid.

This, however, in my opinion, the General Assembly did not so intend or attempt to do. The purpose of the Board of Claims is to process and expedite the settlement of claims against the Commonwealth (Commonwealth v. Mudd, Ky., 255 S.W.2d 989) and, though there is nothing compulsory about the use of its facilities, those who choose to use it become bound by the provisions of the act. This constitutes jurisdiction by consent. This is not inconsistent with our position when we upheld the validity of the act creating the Workmen's Compensation Board. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648. It is likewise in harmony with Section 250 of the constitution providing for arbitration.

The obvious conclusion is fourfold. (1) The Board of Claims Act, Chapter 44 KRS does not and cannot under the provisions of Sections 231 and 135 of the constitution provide either an exclusive remedy or forum for a suit against the Commonwealth, even those claims within the monetary limitations of the act. (2) It does constitute a general law applicable to all persons who voluntarily choose its jurisdiction for the prosecution of claims of $5,000 or less. (3) It is not a general law providing for *suit* against the Commonwealth as authorized by Section 231 and in no way affects the state's waiver of immunity and consent to be sued. (4) Its validity under

constitutional provisions 231 and 135 can be sustained only because of its optional features.

The holding enunciated in the majority opinion completely ignores the doctrine of stare decisis. We must keep in mind that the subject of this action is a special type of joint resolution, namely, *a resolution of waiver of immunity and consent to be sued.* Other types of resolutions have been passed by the General Assembly and this Court has passed upon their validity. Such is the case of the resolution involved in Department of Conservation v. Sowders, Ky., 244 S.W. 2d 464, cited as authority in the majority opinion, and in which we held a certain resolution pertaining to Workmen's Compensation was in contravention of Section 59(29) of the constitution. I find no fault with that authority except it has no connection with the subject matter of this action. The pertinent part of Section 59 reads as follows:

"59. Local and special legislation. The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: * *

"Twenty-ninth: In all other cases where a general law can be made applicable, no special law shall be enacted."

This Court has dealt specifically with resolutions of waiver and consent, such as is the subject of this action, and there is no need to reason by analogy. It has been specifically held since the early days of our present constitution that such resolutions are not in contravention of Section 59, so emphatically declared in the last paragraph of the majority opinion. Even the case of Commonwealth v. Lyon, 72 S.W. 323, 24 Ky.Law Rep. 1747, cited in support of the majority opinion specifically holds that such resolutions are valid under Section 231, supra, and are not in violation of Section 59 of the constitution, and the appeal was taken on those very points. In the case of Commonwealth v. Haly, 1899,

106 Ky. 716, 51 S.W. 430, also cited as authority in the majority opinion, we have the same specific holding. In that case the court said:

"While therefore the voluntary grant to these appellees by joint resolution is not an attempted compliance with the provisions of section 231, and is not therefore a law, within the meaning of that section, it is nevertheless an effective consent of the sovereign to subject itself to the jurisdiction of the Franklin circuit court in the particular matter involved, unless, indeed, this consent is prohibited by section 59 of the constitution, which provides that the general assembly shall not pass local or special acts (paragraph 29) in any case 'when a general law can be made applicable.' * * *

"* * * *We do not believe that this joint resolution, although confessedly special, in that it is for the sole benefit of certain individuals, can be regarded as covering a case where a general law can be made applicable, within the meaning and spirit of the constitution.*" (Emphasis mine.)

In the case of Commonwealth v. Daniel, 266 Ky. 285, 98 S.W.2d 897, 1936, we followed specifically the holding in the Haly and Lyon cases. The holdings of this Court are not "dubious" but rather they decide a specific point about which there is no doubt, equivocation, reservation or evasion.

There is nothing to prevent the General Assembly from making the Board of Claims Act applicable to all debts. Let us look at a case where the proof might show beyond cavil that the actual honest debt was $50,000. Let us then ask ourselves in the wording of Section 59, what "general law can be made applicable" when the jurisdiction of Board of Claims is limited to claims of $5,000.

It was never contemplated by those who fathered our constitution that any suit provided under Section 231 should be relegated

to the compulsory jurisdiction of an administrative agency, an agent of the state, thus creating a situation wherein the Commonwealth is both defendant and judge. I cannot be made to believe that "we, the people" of 1891 fostered such injustice.

It may be well to note here that members of the Legislature would be quite reluctant to divorce themselves completely from a prerogative that could be and often is advantageous to them in serving their respective constituencies.

For the reasons herein enumerated I respectfully dissent. I am authorized to state that Judges MILLIKEN and MONTGOMERY join in this dissent.