## Bentley v. Commonwealth.

March 23, 1948.

As Modified on Denial of Rehearing June 25, 1948.

Funk, Chancellor & Darnell for appellant.

Eldon S. Dummit, Attorney General, and Ben Fowler, Assistant Attorney General, and Francis Burke for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

On May 9, 1947, the Attorney General filed his petition ex rel. alleging that appellant was engaging in the practice of dentistry in Pikeville without having first procured from the State Board of Dentistry a certificate in accordance with sec. 313.020, KRS. The relator sought injunction basing the right thereto on the doctrine of general welfare, and protection of the public

from activities of those who have not fully complied with relative laws. General demurrer to the petition was overruled, and appellant answered in general denial without affirmative defense, but later by leave amended his answer. Appellant claimed his right to engage in the practice of dentistry, under and by authority of Joint Resolution, Ch. 254, p. 674, Session Acts of 1946. This resolution stripped of its lengthy preamble reads:

"Section One: That the said Grover Cleveland Bentley of Pikeville, Kentucky, be and he is hereby authorized to practice the profession of dentistry in the State of Kentucky, the same as if he had been duly licensed by the State Board of Health and the Examining Board for dentists in the year 1907 after his graduation from the Louisville College of Dentistry, and further that the said Grover Cleveland Bentley be entitled to all the privileges of a regular practicing dentist in this Commonwealth, the same as if he had been duly licensed by the State Board of Health and the Examining Board for Dentists at said time."

"Section Two: That the State Board of Dental Examiners be, and it is hereby ordered and directed to issue to the said Grover Cleveland Bentley of Pike-ville, Kentucky, a license authorizing him to practice dentistry in the State of Kentucky, pursuant to the terms and conditions of this Act and Resolution, and said license so issued will show that it was issued in conformity with and by the authority of this Resolution."

We omit the preamble because its substance is set out and amplified in appellant's answer, stating that he attended the Louisville College of Dentistry, a recognized institution, from 1904 through 1907, following the prescribed course of study. That he graduated after completing the course, and met the requirement in grades which were recognized by the examining authority in the State at that time. In 1906, as was then prescribed by regulations, Juniors were allowed to take the examination; that he took the State Board examination and made a passing grade, but notwithstanding this he could not obtain a state license until he had graduated. He paid the Board $25, the license fee to be issued him when he had successfully completed his sen-

ior year. He graduated on May 7, 1907, and appeared on the stage of the Mary Anderson Theater in company with the class of 1907, where it was announced by a member of the faculty that he, with others of the class, had completed the required course of study. Exhibits filed show his picture with other members of the class, and a program gives his name as a graduate. He alleges that the records then in the possession of the Board are not now available, because lost or misplaced by the authorities, and same were never in his possession. He says that after his graduation and just before a diploma was to be issued to him he and one of the faculty (since deceased), whose duty it was to sign diplomas, engaged in physical combat, and he thereafter refused to sign a diploma, and "for that reason he was unable to present it to the State Board, and the Board declined to issue license because he was unable to present a diploma signed by the faculty members."

It is alleged that beginning with the year 1907, up to the present he has continuously engaged in the practice of dentistry in Kentucky, Arkansas, and Tennessee; that by reason of his education, preparation and experience he is fully competent and qualified to practice dentistry in Kentucky "other than having a license issued to him by the State Board."

He then refers to the joint resolution, pointing out that the resolution (as it did) declared that he was qualified to practice his profession. He says that armed with the resolution he applied to the State Board, tendering the required fee for license, but his fee was returned and he was denied license. On this pleading he prays that plaintiff's petition be dismissed, and for all proper and equitable relief. General demurrer to the answer was sustained, but the cause was submitted on pleadings, proof and exhibits, and the chancellor directed that appellant cease the practice of dentistry. The record shows that this court granted appellant a suspension of the injunction pending his appeal.

Notwithstanding the court sustained demurrer to appellant's answer, the Commonwealth took the deposition of appellant in which it went into the matter of appellant's school and professional history. It was, of course, proved as appellant had admitted, that he

was practicing his profession without a license. Appellant showed that he had practiced in Pikeville and vicinity for about ten years after graduation; for two years in Tennessee, and for a time in Arkansas, without being disturbed, as far as the record shows. In 1945 he opened a well-equipped office in Pikeville where he has practiced his profession. His proof fully substantiates the allegations of his answer. It was stated that he had filed for record with the county clerk the joint resolution, in order to comply as nearly as possible with the law's requirements.

Whether the fact has any bearing or not, the record fails to show fully that his application to the State Board was for issuance of a license, but was apparently application for renewal, his check showing tender of the requisite fee for that purpose. The record shows that the Board declined to renew "because we have no record on file of your possessing a license," and returned his check for $3.00. No mention was made of lack of diploma.

As we read the pleadings we have here a situation of confession and avoidance, since appellant admits that he has no license, but contends that by reason of the undenied facts set out in his answer, plus the resolution above referred to, and the filing of same with the clerk, there is ample and sufficient authorization for pursuit of his profession, since there is no proof of incompetency or unprofessional conduct.

Thus far we have merely stated the undisputed facts appearing in the record. Upon careful consideration we are impressed with the idea that the final outcome of the controversy is of such importance to appellant, the Commonwealth and State Board that it should be subjected to further investigation and consideration. Section 313.260, KRS, vests the State Board with the authority and it is "charged with the duty" of administering the provisions of 313.260 to 313.350, KRS. Whether or not it be a necessary party, there can be little doubt that it is a proper party to the proceeding instituted by the Attorney General.

We note in brief of appellee this suggestion: "If the broader equities favor Mr. Bentley, let him assert them before a chancellor against the persons who have

760

denied him his rights * * *." We assume this to refer to "persons" who denied him a diploma. However, if he has been denied rights it would be fair for the Commonwealth to aid in remedying any wrong, as well as "to protect the citizens of the Commonwealth by an adherence to the standards prescribed by law." Aside from the equities there may arise, in what we deem to be appropriate proceedings, questions of law which determined in the instant case. KRS 313.990 may provide adequate legal remedy.

We have concluded that in order to have a fair, full and complete determination of the controversy, the State Board should be made a party to this proceeding and thus avoid the necessity of another or other suits. In fairness, the Board should enter its appearance, or if it chooses not to do so, the Court under Sec. 29 of the Civil Code of Practice may make it, or any other person or body deemed to be necessary or proper, a party, or appellant might accomplish this end by appropriate procedure. Thereupon, by appropriate pleadings, as the alignment of parties authorizes, the issue may be raised as to whether or not the Board may or should issue a license to appellant upon payment of proper dues.

To the end that justice may be done in the premises, the judgment is reversed and the case remanded, with directions to set aside the order sustaining the demurrer to appellant's answer as amended, and for further consistent proceedings.

Judgment reversed.