## BENTLEY v. COMMONWEALTH ex rel. STATE BOARD OF DENTAL EXAMINERS.

Court of Appeals of Kentucky.

May 18, 1951.

V. R. Bentley, Pikeville, J. W. McKenzie, Mont Walker, Ashland, for appellant.

Francis M. Burke, Pikeville, Eugene S. Wiggins, Richmond, for appellee.

CULLEN, Commissioner.

This is an appeal from a judgment of the Pike Circuit Court permanently enjoining the appellant from practicing dentistry in Kentucky unless and until he has been issued a license by the Kentucky State Board of Dental Examiners, and enjoining him from maintaining a dental office or advertising as a dentist. The State Board of Dental Examiners sought the injunction as intervening plaintiff in the action.

This is the second appeal in this case. The decision of this Court on the first appeal is reported in 307 Ky. 756, 212 S.W.2d 296, 299, under the style of Bentley v. Commonwealth. The first appeal came up on a demurrer to the amended answer, and reference is made to the opinion on that

appeal for a summary of the initial pleadings.

The plaintiff at the time of the first appeal was the Commonwealth on relation of the Attorney General, and the State Board of Dental Examiners was not a party. As appears from the opinion on the first appeal, this Court concluded that a proper determination could not be made in the case unless the State Board of Dental Examiners was made a party. Accordingly the case was remanded with directions to set aside the order sustaining the demurrer to the amended answer, and with at least a strong recommendation, if perhaps not a direction, that the State Board of Dental Examiners be made a party. Contemplating this procedure, the court said: "Thereupon, by appropriate pleadings, as the alignment of parties authorizes, the issue may be raised as to whether or not the Board may or should issue a license to appellant upon payment of proper dues."

Upon the case being remanded to the lower court, the State Board of Dental Examiners moved to intervene as a plaintiff, and an order was entered that the board be made a plaintiff and be authorized to prosecute the case, and that the action thereafter be styled in the name of the Commonwealth of Kentucky on relation of the State Board of Dental Examiners. The board filed an intervening petition adopting all of the allegations in the original petition of the Attorney General, and asking the same relief as was prayed in the original petition. The board further filed a reply to the amended answer to the original petition. The defendant some time later filed an answer to the intervening petition, adopting all of the allegations of his original answer and amended answer to the original petition of the Attorney General, and praying for the same relief as in his original amended answer, which was that the petition be dismissed and that the defendant recover his costs, "and for all other proper and equitable relief to which he may appear entitled." Thereupon the parties proceeded to take voluminous testimony by deposition, and to enter as evidence a number of exhibits.

Upon submission of the case, judgment was entered granting the injunction as prayed for by the intervening plaintiff.

On this appeal the defendant contends that the judgment is erroneous for the following reasons:

1. A Resolution of the 1946 General Assembly, Acts 1946, c. 254, which he pleaded in his answer, granted him the right to practice dentistry and directed the State Board of Dental Examiners to issue him a license. (The text of the Resolution is quoted in the opinion on the first appeal.)

2. By virtue of Section 2641 of Carroll's 1909 Kentucky Statutes he was entitled to practice dentistry upon graduation from a recognized dental college without being required to present a diploma or submit to an examination by the State Board of Dental Examiners.

3. Upon the merits of the case and in equity and good conscience, he is entitled to engage in the practice of dentistry.

The resolution of the 1946 General Assembly relied on by the appellant contains a lengthy preamble reciting the facts upon which the appellant bases his claim of right to engage in the practice of dentistry. It then provides, first, that Grover Cleveland Bentley is authorized to practice dentistry in Kentucky, the same as if he had been duly licensed, and, second, that the State Board of Dental Examiners is directed to issue to Grover Cleveland Bentley a license authorizing him to practice dentistry. The appellant relies upon this resolution as a valid exercise of the police powers of the legislature. The appellee maintains that the resolution is void as constituting special legislation in violation of Section 59 of the Constitution.

In Reid v. Robertson, 304 Ky. 509, 200 S.W.2d 900, this Court held void, as special legislation, an Act of the 1946 General Assembly authorizing one Samuel C. Reid to practice as a veterinarian in Kentucky, and directing the State Board of Veterinary Examiners to issue him a license. No logical basis for distinguishing the Bentley Resolution from the Reid Act has been suggested, and we are of the

opinion that the Bentley Resolution is unconstitutional, as special legislation, on authority of the Reid case.

In support of his second contention, appellant relies on the following provision of Section 2641 of Carroll's 1909 Kentucky Statutes: "All matriculates now attending all dental colleges in Kentucky be, and they are exempt from any and all the provisions of this act, so far as it refers to the examination of persons, by the State Board of Dental Examiners, who wish to begin the practice of Dental Surgery in the Commonwealth of Kentucky."

The above provision was added to the dental law by Chapter 32 of the Acts of 1904, which Act substantially revised the statutes relating to the practice of dentistry. Prior to 1904, a person was entitled to practice dentistry if he had received a diploma from a recognized dental college, or had received a certificate of qualification issued by the Kentucky State Dental Association, a voluntary organization. The 1904 Act created a State Board of Dental Examiners, and provided that a person must have a diploma from a recognized dental college, and a certificate of qualification from the Kentucky State Board of Dental Examiners. It is clear that the clause quoted above was intended only to exempt persons then attending Kentucky dental colleges from the double requirement of a diploma and a certificate of qualification. The evidence does not establish that the appellant ever received a diploma, so the 1904 Act is of no benefit to him.

Appellant's final contention is that in equity and good conscience he is entitled to continue in the practice of dentistry. We treat this contention as meaning that appellant is entitled equitably to have a license issued to him, as we do not see how he could contend that equity would permit him to practice without a license in direct violation of the statute.

Notwithstanding the suggestion by this Court, in the opinion on the first appeal, that an issue be raised by appropriate pleadings as to whether or not the State Board of Dental Examiners should be required to issue a license to Bentley, the latter did not file a counterclaim asking that the board be compelled to issue him a license. However, the case was practiced as though such relief properly had been prayed for, and the appellee has made no point of the inadequacy of the pleadings. The parties have treated the case as though the issue was raised, and we will so treat it on this appeal.

Voluminous evidence was taken on the trial, concerning the circumstances attending appellant's graduation from the Louisville College of Dentistry, and his subsequent activities through the years in the practice of dentistry. The evidence was such that the chancellor would have been justified either in granting equitable relief to the appellant, or in denying it. He chose to deny relief, and we are not disposed to substitute our judgment for his.

The judgment is affirmed.

COMBS, J., not sitting.