## LaFollette et al. v. Ovesen et al.

January 30, 1951.

T. C. Carroll, Special Judge.

536

J. T. Hatcher for appellants.

Dailey & Fowler and Ben F. Fowler for appellee.

CHIEF JUSTICE CAMMACK—Affirming.

The appellants, as citizens, residents, property owners and taxpayers of LaRue County who have children of school age, filed this action for a declaration of rights concerning (1) the validity of the merger of the Hodgenville Independent School District with the LaRue County District; (2) the subsequent composition of the Board of Education for the resulting district; and (3) certain other matters, not in issue on this appeal. The appellees are the members of the LaRue County Board of Education; the members of the Hodgenville Independent District Board of Education; and the LaRue County School Superintendent. The lower court adjudged the merger to be valid and held that the present LaRue County Board of Education consists of the elected members of the County School Board and all members of the defunct Hodgenville Independent Board, except those members who resigned at the time of the merger or subsequent thereto; that members of the LaRue County Board of Education who held office by virtue of their election to the Hodgenville Independent Board shall serve only until their terms expire; and thereafter the LaRue County Board of Education shall be constituted as provided by law.

The appellants seek a reversal of this judgment on the grounds that (1) the merger of the two districts was invalid due to an alleged illegal condition in the merger agreement; and (2) even if the merger be valid the provision that two members of the Hodgenville Independent Board serve as members of the LaRue County Board is invalid.

The boards of the two districts effected the merger by a series of resolutions. On January 6, 1950, the Hodgenville Board passed a resolution proposing a merger

with the LaRue County District purportedly under KRS 160.040. On January 11th the County Board considered the petition of the Hodgenville Board and by resolution adopted a counter proposal. On the same day the Hodgenville Board adopted and approved the counter proposal under KRS 160.040. The pertinent portion of the merger agreement is as follows: "1. Mr. Morgan Marcum and Mr. G. H. Patterson shall become additional members of the LaRue County Board of Education for the remainder of the term which they have been elected and that the other three members, Dr. J. D. Handley, Arthur Smith and Marvin Crady shall resign as members of the Hodgenville Independent School District Board to become effective date of this merger."

The appellants contend that the sole authority for the merger of an independent district with a county district is KRS 160.041, which reads:

"(1) When a board of education of an independent school district desires to have its district become a part of the county school district, it shall by motion so record its desire in the minutes of the board. The board, or its executive officer, shall convey this request to the county board of education. At its next regular meeting, or at a special meeting held prior thereto, the county board of education shall pass upon this request.

"(2) If the county board of education refuses, or the two boards of education cannot agree upon such a proposition of merger of the independent district with the county district, the independent board of education may appeal to the Superintendent of Public Instruction and ask that its request to become a part of the county school district be submitted to the State Board of Education for final settlement.

"(3) If the State Board of Education approves the proposition of merger, it shall become effective and the independent district shall become a part of the county school district on the basis of the conditions of merger as set out by action of the State Board of Education."

The only provision for merger which existed immediately prior to the passage of KRS 160.041 in 1948 was KRS 160.040, which reads: "Boards of education of any two or more contiguous school districts may by concurrent action merge their districts into one. In case

of a merger the members of the boards of education of the merged districts may serve out the terms for which they were elected. The resulting district shall take over all the assets and legal liabilities of the districts joining in the merger. Tax levies authorized for the payment of interest and the retirement of bonds or to create sinking funds for such purposes shall continue to be levied and collected over the same area by or for the new board in accordance with the laws under which the levies were originally made until all bonded obligations of the old district have been retired.''

The appellants urge that KRS 160.041 superseded KRS 160.040; that the new statute does not permit members of the Independent Board to serve on the County Board after the merger; and that, since the agreement to have members of the Hodgenville Board to so serve was a condition of the merger without which the merger would not have taken place, the whole merger is invalid. It is argued that in this type of merger no new district is formed, but the County District is merely enlarged and there is no reason for an amalgamation of the two boards, because the County District already has a functioning board.

A reading of KRS 160.041 shows that it is couched in mandatory terms. Actually it provides for two alternatives: (1) merger by agreement; or (2) merger by compulsion of the State Board. In the case of merger by compulsion the State Board is to fix the terms, but in the case of merger by agreement no directions are given as to the terms or conditions of merger.

The apparent purpose for enacting KRS 160.041 was to enable an independent board, under certain circumstances to compel a merger with a county district. We think KRS 160.041 is supplementary to KRS 160.-040 and not in conflict with it. KRS 160.041 does not describe any of the powers or limitations of the two boards in reaching a merger agreement.

In the case of Board of Education of Pulaski County v. Nelson, 268 Ky. 83, 103 S. W. 2d 691, we were faced with the problem of deciding whether a county board was liable for the debts of an independent district made a part of the county district under the provisions of KS sec. 4399-3, (Acts 1934, Chapter 65, Article 5, sub-

section 3) not incorporated in KRS in its original form. We held that the second paragraph of KS sec. 4399-4 was applicable to any merger whether under that section or another, so that the county district became liable for the debts of the independent district which it engulfed. When the statutes were revised KS sec. 4399-4 became KRS 160.040, and the reviser simplified the language and made one paragraph of the two in KS sec. 4399-4.

As KRS 160.040 now reads, it apparently covers any type of merger where the school districts are contiguous. In the present case the independent district was formerly separate from the county district, but contiguous thereto. We think it proper to read KRS 160.041 in the light of KRS 160.040 and to look to the latter for the powers of the two districts in making a merger agreement to fix the terms of such merger. It is apparent that under this construction the two boards have the authority to agree that members of the Hodgenville Board serve temporarily on the board of the newly enlarged district.

Judgment affirmed.