**BOARD OF EDUCATION OF LEXINGTON, Kentucky, Appellant,**

v.

**Gladney HARVILLE et al., Appellees.**

Court of Appeals of Kentucky.

June 16, 1967.

William E. Sloan, Wylie & Sloan, Stoll, Keenon & Park, Lexington, for appellant.

Lasserre Bradley, B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lindsey W. Ingram, Jr., Lexington, for appellees.

WADDILL, Commissioner.

This is an appeal from an order dismissing an action for declaratory judgment in a proposed school merger for the reason that no justiciable issue is presented.

The Board of Education of Lexington (hereinafter referred to as city board) and the Board of Education of Fayette County (hereinafter referred to as county board) entered into an agreement March 20, 1967, providing for merger of the city and county school districts. This agreement, by its terms, will be effective when the tax rates of the city and county school districts are equalized. As expressed in their written agreement the two boards are uncertain as to whether they have chosen a valid method to equalize their tax rates. Hence, this action seeking a declaratory judgment was instituted by the city board and city taxpayers against the county board and county taxpayers.

Prior to the 1965 amendment to KRS 132.010 (and related statutes) both boards were levying the maximum ad valorem tax under KRS 160.475(1). The city school district had no special tax levies in effect but the county school district had voted two levies totaling 82 cents under KRS 157.440 and 160.477. See Fayette County Board of Education v. White, Ky., 410 S.W. 2d 612.

It was held in Russman v. Luckett, Ky., 391 S.W.2d 694, that all property in this state must be assessed at its fair cash value. Accordingly Lexington and Fayette County property assessments were adjusted upward and the tax rates were rolled back pursuant to KRS 160.470. The two boards have agreed that due to this change in the tax rates and a substantial difference in the assessment rates of the city and county prior to full assessment, the tax rate in the

county school district is presently 5.6 cents higher than that in the city school district.

By the terms of the merger agreement the taxpayers in the city school district will, upon merger, become subject to the tax rate of the county board. However, it is contended that, since the 5.6 cents represents voted tax levies, a referendum in the city school district approving this increase is required to validate this portion of the merger agreement.

The first question for our determination is whether a justiciable controversy is presented. The trial judge observed that, while merger by agreement of the involved school districts is authorized by KRS 160.-040, in case of disagreement an independent school district desiring to become a part of a county school district may have the State Board of Education determine the conditions of merger. KRS 160.041. The trial judge dismissed the action as not a proper subject for a declaratory judgment since a statutory means of settlement is available and because he believed the equalization of tax rates as sought by the parties is a legislative function.

Civil Rule 57 states in part that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. In applying this civil rule we have held that the availability of a statutory remedy does not ipso facto make declaratory relief inappropriate. Iroquois Post No. 229 v. City of Louisville, Ky., 279 S.W.2d 13.

The remedy provided by KRS 160.041, which is predicated on a refusal or failure to agree upon a proposition of merger, is unavailable in the instant action because as we read the agreement the parties have assented to the merger. They merely ask us to decide whether a referendum in the city school district is a necessary condition precedent to the imposition of a uniform tax rate throughout the merged school district. This is obviously a question requiring a judicial determination. It is the policy of

this court to declare the rights of litigants when it concludes that the advance determination of a justiciable controversy will eliminate or minimize the risk of mistakes. Combs v. Matthews, Ky., 364 S.W.2d 647. These considerations exist here since confusion detrimental to the school system will undoubtedly result if the validity of a county board's tax levy is subsequently challenged. It is apparent to us that this controversy justifies declaratory relief. 22 Am.Jur.2d, Declaratory Judgments, Section 11. In view of the exigencies heretofore observed we will decide this case upon its merits rather than remanding it for a formal judgment of the trial court. Hedden v. Hedden, Ky., 312 S.W.2d 891.

 The special voted taxes mentioned herein are not general obligations. Therefore, that portion of KRS 160.040, requiring that such taxes "continue to be levied and collected over the same area" after merger, is inapplicable. Cf. Ranier v. Board of Education of Prestonsburg Independent School District, Ky., 273 S.W.2d 577. This court has previously decided that KRS-160.041 is supplementary to KRS 160.040 and therefore we must look to both of these statutes to ascertain the powers of the two districts in fixing the terms of a merger agreement. LaFollette v. Ovesen, 314 Ky. 535, 236 S.W.2d 457.

As we interpret these statutes and apply the case law applicable thereto, we conclude that, upon merger, the city school district "loses its identity and it is swallowed up and absorbed by the county district." Board of Education of Pulaski County v. Nelson, 268 Ky. 83, 103 S.W.2d 691. Hence, all property owners in the county school district (including the residents of the former city school district) will be liable for payment of the county school tax and a referendum under KRS 157.440 and 160.477 is unnecessary. After merger the situation of the residents of the former city school district is analogous to that of property owners who automatically become liable for a voted indebtedness of a city

upon annexation of their property. Lowe v. City of Bowling Green, Ky., 247 S.W.2d 386.

Our conclusion contemplates compliance by the county board with the provisions of KRS 160.470. All questions not specifically answered herein are reserved.

The judgment is reversed with directions to enter a new one approving the merger in accordance with this opinion.

All concur.