**BOARD OF EDUCATION OF LOUISVILLE, Kentucky, et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

April 28, 1974.

Rehearing Denied June 6, 1975.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

John A. Fulton, Will H. Fulton, Woodward, Hobson & Fulton, E. Preston Young, Louisville, for appellee.

CULLEN, Commissioner.

The question in issue on this appeal concerns what transitional and permanent structuring of the Jefferson County Board of Education shall follow a merger of the Louisville Independent School District with the Jefferson County School District. The circuit court held unconstitutional, as constituting local and special legislation prohibited by Section 59 of the Kentucky Constitution, certain statutes making special provisions for such structuring where an independent school district embracing a city of the first class (of which Louisville is the only one) merges with the county

school district of the county containing that city. The statutes held unconstitutional were KRS 160.042 (both in its original form and as amended by Chapter 224 of the Acts of 1974), KRS 160.044, and those provisions of KRS 160.160, 160.200 and 160.210 added by their amendment by Chapter 224 of the Acts of 1974.

The net effect of the judgment would be that following the merger of the Louisville Independent School District with the Jefferson County School District the resulting district would be governed by a county board of education which would consist initially of the members of the Jefferson County Board of Education in office when the merger took place, and thereafter, as the terms of those members respectively expired, of successors elected from the five voting divisions of the district, reformed to include the city area. Whether the board initially would include also some or all of the members of the former city board, until the expiration of their respective terms, is a matter on which the parties to the appeal do not agree, and which we need not decide.[1]

If the judgment were set aside, and the statutes in question held constitutional, the effect would be that *all* of the incumbent members of the Louisville Board of Education would serve on the board of the merged district (with the county members) until the expiration of their respective terms, and commencing with the general election in 1975 elections would be held, from seven divisions created by KRS 160.-210 as amended, to create a permanent board of seven members.

The appellants here are the Louisville Board of Education and its individual members, who maintain that the statutes held unconstitutional by the judgment appealed from are in fact constitutional. As hereinbefore stated, the question is whether the statutes constitute "local or special" legislation such as is forbidden by Section 59 of the Kentucky Constitution.

The two major differences between the statutes applicable to merger of an independent school district embracing a city of the first class with the county district of the county in which the city is located, and the statutes applicable to merger of all other independent school districts with the county district, are (1) that under the former statutes (KRS 160.042 and 160.200 both as amended in 1974) all of the members of the independent board will serve on the merged board until the expiration of their terms, while under the latter statutes (KRS 160.041 as construed in Lafollette v. Ovesen, 314 Ky. 535, 236 S.W.2d 457) the matter of whether all or some of the independent board will serve on the merged board will depend upon *agreement* as to the terms of the merger, or perhaps (as said by the Attorney General in OAG 37,-927) upon order of the State Board of Education; (2) that under the former statutes (KRS 160.160 and 160.210 as amended in 1974) the merged board ultimately will consist of seven members, whereas under the latter statutes (KRS 160.160 and 160.-210 unamended) the board will consist of five members.

██ Although Section 59 of the Kentucky Constitution forbids "special or local" legislation on a number of specified subjects, including "the management of common schools," the proposition is well settled that the General Assembly may enact

1. In Lafollette v. Ovesen, 314 Ky. 535, 236 S.W.2d 457, this court held that in a merger under KRS 160.041 the boards of the merging districts could *agree* that all or part of the members of the board of the independent district serve on the board of the merged district until the expiration of their terms, and in OAG No. 37,927, under date of March 27, 1956, the Attorney General of Kentucky stated his opinion that in a merger under KRS 160.041 the State Board of Education, in case of disagreement, could direct that any or all of the members of the board of the independent district so serve. Pending the instant appeal, the State Board of Education, apparently relying on the foregoing authorities, held that following the merger here in question some of the members of the Louisville Board of Education would be entitled to serve, not beyond the expiration of their terms, on the board of the merged district.

class legislation if the classification is made to depend upon natural, real and substantial distinctions, and that a classification having a reasonable basis does not violate Section 59 the same as it does not constitute a denial of equal protection under the Federal Constitution. See Reid v. Robertson, 304 Ky. 509, 200 S.W.2d 900; Miller v. Nunnelly, Ky., 468 S.W.2d 298; Ditty v. Hampton, 490 S.W.2d 772.

■ The narrow question with which we are confronted in the instant case is whether the basis on which the classification made by the merger statutes rests is a reasonable one. The governing rule is that while classification of *cities* for the purpose of *their organization* or *government* is permissible on the basis of size and population alone, any other classification on the basis of the size and population of cities or counties is permissible *only if the size and population of itself has an appreciable relevancy to the subject matter of the legislation*. Board of Education of Jefferson County v. Board of Education of Louisville, Ky., 472 S.W.2d 496.

In the Board of Education case just cited, popularly known as the "Dundee Case," this court held unconstitutional a legislative Act which made special provisions, applicable only to counties containing a city of the first class, for transfer of an area, lying in one school district adjacent to its boundary with another district, from the former district to the latter. Under the law applicable to all counties except one containing a city of the first class, the ultimate decision as to the transfer was to be made by school authorities (the affected local boards of education or the State Superintendent or State Board). Under the special Act applying only to counties containing a city of the first class, the ultimate decision was to be made by the voters in the area sought to be transferred.

The appellee Jefferson County Board of Education in the instant case relies heavily on the Dundee decision. It is our opinion, however, that the holding in the Dundee case, that the basis of the classification

there had no relevancy to the subject matter of the legislation, is not conclusive of the lack of sufficient relevancy in the instant case. In the Dundee case no conceivable reason was found to exist why in a large county the voters of the area affected should have the decisional power over a transfer of territory between districts, while in all other counties the power was in the school authorities. Any considerations relevant to size and population would dictate that the decisional power be in the school authorities in the large county.

■ The statutes with which we are concerned in the instant case deal directly with the management structure of the merged school district, as to which subject we think the characteristics possessed by a large urban center of population have relevancy. The larger size of the student population, the greater amount of property to manage, and the more extensive financing requirements are significant factors. Another factor serving as a supporting basis for the classification is that in large urban centers there are likely to be and generally are localized enclaves or areas populated almost exclusively by various minority groups, ethnic and otherwise, which are entitled to and should be assured of fair representation, and are specially needful of it. This legislation obviously is directed to and justified by that particular circumstance. By providing for seven board members rather than five it assures such representation and tends to eliminate what probably would be a major source of disagreement in merger negotiations. The principle of judicial notice permits us to recognize, as common sense equally forbids us to ignore, these facts of life. Thus it is our opinion that the statutory provisions for an ultimate seven-man board are valid. Support for our view is found in Sims v. Board of Education of Jefferson County, Ky., 290 S.W.2d 491; State v. Miller, Mo., 13 S.W. 677, and Latham v. Board of Education of the City of Chicago, Ill., 201 N.E.2d 111.

■ As concerns the provision for continuance in service by the members of the board of the independent district until their terms expire, again we think that the factors on which the classification rests have an appreciable relevancy to the subject matter of the legislation. A city of the first class, being of the highest urban concentration of Kentucky cities, reasonably may be expected to have encountered special problems arising from urbanization, including those related to ethnic minorities. It seems logical that during the transition period the merged board should have the full benefit of the experience of the members of the independent board with respect to those problems. The same need for this presumably will not be as great in the case of the merger of a small independent district with the county district, which fact justifies the differentiation made by the legislation in question in not providing for service on the merged board by the members of the board of education of an independent district other than the district embracing a city of the first class, in a county containing such a city, in case of a merger by the former district with the county district. (Anchorage is such an independent district in Jefferson County but is not involved in the instant case.)

■ The appellee Jefferson County Board of Education argues that the provision of the 1974 Act for a permanent seven-member board for the merged district has no rational basis because the Act makes such provision only in the case of a merger under KRS 160.041 (by application of the independent district to the county district, determinable by the State Board of Education in case in inability to agree), and not in the case of a merger under KRS 160.040 (by concurrent action of the two districts). We think there is a rational basis. On their face, both KRS 160.040 and 160.041 would authorize a merger *by agreement,* the only difference being that under KRS 160.040 either district might originate the merger proposal, whereas under KRS 160.041 the proposal must be originated by the independent district. As a practical matter, however, it is reasonably plain that there will be no occasion to resort to KRS 160.041 unless the parties in informal discussions have concluded that they will not be able to agree. Thus, KRS 160.041 is limited in practical application to the situation in which the parties *cannot agree* and the matter will end up for decision by the State Board of Education. It appears to us that the reasons which justify a seven-member board may in many instances be the very reasons why the two districts will not be able to agree, so in this is the reasonable basis for the legislative classification providing for a seven-member board only in case of a merger under KRS 160.041.

■ The fact that the 1974 Act specifically creates, by reference to census tracts, the seven election divisions to be used in the merged district for future elections of board members, whereas in all other districts the election divisions are to be laid out by the board of education itself, is again, we think, justified by the fact that this is an area most likely to be one of local disagreement by reason of the very factors which differentiate school problems in cities of the first class.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

All concur.