COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney-General, Appellant,

v.

Drexell DAVIS, Treasurer, et al., Appellees.

Court of Appeals of Kentucky.

April 11, 1975.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., William W. Pollard, Asst. Attys. Gen., Frankfort, for appellant.

Charles Wickliffe, Executive Dept. for Finance and Administration, Frankfort, for appellees Davis, Scent and Dept. of Finance.

Michael E. Caudill, Bowling Green, for appellees Lowe and Commonwealth's Attys. Ass'n.

Frank Trusty, II, Covington, for appellee O'Hara.

PALMORE, Justice.

The Attorney-General of the Commonwealth appeals from a judgment upholding the validity of Chapter 318, Acts of 1974 (House Bill 459), pertaining to the duties and compensation of Commonwealth's Attorneys in circuit court districts containing cities of the first or second class or urban county governments. We affirm.

Briefly, the act in question provides that in such districts the Commonwealth's Attorney shall be a full-time prosecutor and shall not engage in the private practice of law, and it prescribes a maximum annual compensation of $26,000.[1] KRS 69.010(2), 64.510(2). It provides further that in order to assure equality of compensation within this category of Commonwealth's Attorneys, excess fines and forfeitures collected in any one or more of these particular districts shall be used as necessary to supplement the compensation of other Commonwealth's Attorneys in the same category.

The Attorney-General's contentions, and our opinions with respect to each, are as follows:

(1) That the compensation exceeds the allowable maximum under Section 246

of the Kentucky Constitution as construed in Matthews v. Allen, Ky., 360 S.W.2d 135 (1962).

The maximum annual compensation prescribed by Section 246 for an officer "whose jurisdiction or duties are coextensive with the Commonwealth" is $12,000. Matthews v. Allen, Ky., 360 S.W.2d 135, 139 (1962), held "that the salary provision of Section 246 of the Constitution may be interpreted and periodically applied to all constitutional officers in terms which will equate current salaries with the purchasing price of the dollar in 1949 when Section 246 was adopted." The parties here have stipulated that it "is more probably than not true" that when the increased compensation provided by this act becomes effective (July 1, 1976) the value of 12,000 1949 dollars will be equal to or greater than $26,000. Hence the only issue is whether Commonwealth's Attorneys come under the $12,000 limit or are restricted to the $7,200 limit of Section 246.

The act under consideration in Matthews v. Allen, Ky., 360 S.W.2d 135 (1962), made all circuit judges special commissioners of the Court of Appeals, thus conferring upon them duties coextensive with the Commonwealth. The sticky problem there, however, which is not present in this case, was that Section 246 specifically limited the compensation of circuit judges as such— that is, by title—whereas Commonwealth's Attorneys are not among the officers so named in that section.

They are covered either by the $12,000 limit, which applies to all undesignated officers whose jurisdictions or duties are coextensive with the state, or by the $7,200 limit, which applies to all other undesignated officers.

1. These provisions take effect on July 1, 1976. The election for all Commonwealth's Attorneys will be held in November of 1975, and those who are elected will take office on the first Monday of January, 1976.

Chapter 26, Section 1, Acts of 1966 (now KRS 69.013) provided as follows:

"Each regular commonwealth's attorney shall be, ex officio, a special prosecutor of the commonwealth, and as such shall perform such duties and render such services, at such time and places, coextensive with the commonwealth as may be required by the attorney general. The duties and services may include, but are not limited to, prosecution of or participation in action outside of his judicial district when directed by the attorney general in preparation and presentation of the commonwealth's position in criminal cases appealed to the Court of Appeals."

In view of this statute there can be no doubt that Commonwealth's Attorneys do have duties coextensive with the state. We therefore are of the opinion that the $12,000 limit of Section 246 has applied to all Commonwealth's Attorneys since the effective date of that act.

■ (2) That the increase in compensation violates Section 235 of the Kentucky Constitution, which provides that the salaries of public officers shall not be changed during the terms for which they were elected.

There are long-recognized exceptions to this provision, such as in the case of new and additional duties, but of course the answer here is that the legislation was enacted nearly two years in advance of the terms of office during which it will become applicable. Obviously the inhibitory purpose of Section 235 is directed against the making of a change that is to take effect during a term of office then current.

■ (3) That in singling out for special treatment only those Commonwealth's Attorneys whose districts embrace first or second-class cities or urban county governments the legislation in question violates Sections 2, 59 and 60 of the Kentucky Constitution and the Equal Protection Clause of the 14th Amendment of the United States Constitution.

As both sides recognize, all of these constitutional provisions are satisfied if there is a reasonable basis for the classification. We think there is. Formal statistics are hardly necessary in order for us to take judicial notice that the problem of crime is generally greater in pockets of dense population than elsewhere. It is of no moment that other circuit court districts have populations as large as some or more of those affected by this act. None of them contains a first or second-class city, or an urban county government. Only one of them has a city large enough to be placed in the second class. Logically the act might have been better drawn to include all districts containing a city or cities with a population of 20,000 or more, cf. Const. Sec. 156, but this imperfection would not alone justify declaring it void. Cf. Chapman v. Eastern Coal Corporation, Ky., 519 S.W.2d 390 (decided February 7, 1975); Board of Education of Louisville v. Board of Education of Jefferson County, Ky., ~~522~~ S.W.2d ~~554~~ (decided March 21, 1975).

■ (4) During the course of oral argument before this court Section 98 of the Kentucky Constitution also was drawn into discussion. This section provides that compensation of the Commonwealth's Attorney "shall be by salary and such percentage of fines and forfeitures as may be fixed by law, and such *salary* shall be uniform insofar as the same shall be paid out of the State Treasury," etc. (Emphasis added.) Apparently it was thought in 1891, when the present Constitution was adopted, that in some districts the amount of fines and forfeitures collected locally might be so minimal that it would be necessary for the state to provide a guaranteed minimum compensation in the form of a salary at the expense of its general taxpayers. From a practical standpoint this precaution has become obsolete. Nevertheless, a salary still is provided by KRS 64.-

510(2), and it remains uniform at $1,200 per annum [2] for all Commonwealth's Attorneys in the state, thus satisfying the uniformity aspect of Section 98.

There was some argument also with respect to the cross-application of excess fines and forfeitures from one district to another, and to the continuing availability of such funds for that purpose from one year to another, but we have not been referred to any constitutional principle prohibiting either of these provisions.

The judgment is affirmed.

All concur.

2. This amount exceeds the $500 maximum prescribed by Section 98 but is based on the dollar valuation principle of Matthews v. Allen, Ky., 360 S.W.2d 135 (1962).