Mitch McCONNELL, Jefferson County Judge/Executive; J. Bruce Miller, Jefferson County Attorney; E.G. Helm, Jr., Chief, Jefferson County Police Department; and Richard Frey, Secretary, Jefferson County Department of Corrections, Appellants,

v.

COMMONWEALTH of Kentucky, the Justice Cabinet, Department of State Police, Appellee.

Court of Appeals of Kentucky.

Aug. 19, 1983.

William T. Warner, Nold, Mosley, Claire, Hubbard & Rogers, Louisville, for appellants.

Paul F. Isaacs, Gen. Counsel, Justice Cabinet, Frankfort, for appellee.

Before HAYES, C.J., and HOGGE and LESTER, JJ.

HAYES, Chief Judge:

This is an agreed case submitted pursuant to KRS 418.020 in order to resolve the question of whether the infrared evidential breath tester technology qualifies as a "chemical test" within the meaning of KRS 186.565(1). We are in complete agreement with the decision of the trial judge that it does so qualify and hereby adopt his opinion as our own:

"This case is before the court for hearing on a petition brought By Mitch McConnell, Jefferson County Judge/Executive, J. Bruce Miller, Jefferson County Attorney, E.G. Helm, Chief, Jefferson County Police Department, and Richard Frey, Secretary, Jefferson County Department of Corrections. After the Petition was filed, the Justice Cabinet, Department of State Police intervened as a party.

"The action is filed pursuant to KRS 418.020 as an 'Agreed Case'.

Parties to a question which might be the subject of a civil action may, without action, state the question and the facts upon which it depends, and present a submission thereof to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The court shall, thereupon, hear and determine the case, and render judgment as if an action were pending.

"The question presented is whether or not the infrared evidential breath tester technology qualifies as a 'chemical test' within the meaning of KRS 186.565(1). This statutory provision concerns testing an operator of a motor vehicle to determine the alcoholic content of the blood by a 'chemical test'.

"The Petitioners state that utilization of the infrared equipment has a greater precision and reliability in detecting blood alcohol content than the present (photometric) equipment now utilized by most agencies. (The State Police have purchased the new infrared equipment). The Court emphasizes that this issue is *not* the subject of these proceedings; as stated the only issue presented is whether the infrared equipment is a 'chemical test'.

"As a condition precedent to consider the question the court has concern about the 'jurisdiction' of the court under KRS 418.020. The parties to this action desire to utilize the 'infrared equipment'. The statute requires a *real controversy*.

"The Jefferson County Petitioners are reluctant to make recommendations and/or financial commitment to the new equipment without a judicial answer to the narrow question posed by this petition. Thus, it is suggested that there is a real controversy.

"Apparently the issue is controversial. However, a 'real controversy' is prerequisite to declaratory relief under KRS 418.020. 'Even though a court may have jurisdiction of the subject matter and the parties, there is no absolute mandate compelling it to exercise that jurisdiction.' 22 Am.Jur.2d, *Declaratory Judgments*, § 9, at 845. It is acknowledged that is not the function of the court to render *advisory* or academic opinions. *Dravo v. Liberty National Bank,* Ky., 267 S.W.2d 95 (1954). This court suggests that it cannot be in the business of reviewing or intervening in the desired or proposed executive decision making process.

"With this reservation there can be a 'justiciable controversy' when an advance determination would eliminate or minimize the risk of wrong action or mistakes by any of the parties. *Combs v. Matthews,* Ky., 364 S.W.2d 647 (1963); *Board of Education of Lexington v. Harville,* Ky., 416 S.W.2d 730 (1967). Justicia-

bility turns on evaluating the appropriateness of issues for decision and the hardship of denying relief. *Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982). Jurisdiction can be imposed even though there may be a legislative remedy. *Board of Education v. Harville, supra.*

"Obviously a clear controversy would exist if the equipment was acquired and employed in an actual case involving a vehicle operator who was subjected to the 'test'.

"At the hearing of this case, there were no visible antagonistic parties. None of the parties has chosen to be designated as 'Plaintiff' or as 'Defendant'. The Jefferson County Police (and the intervening State Police) are charged with enforcing existing laws. The Department of Corrections is charged with the responsibility of administering the alcohol tests and recommending to the Fiscal Court proposals which may better effect that agency's duties. The County Attorney is charged with the dual responsibility of prosecuting offenders and advising the Fiscal Court. The County Judge/Executive, and the Fiscal Court, are charged with the responsibility of decision to commit public funds to assist the other parties in their responsibilities.

■ "In this setting, despite the absence of designated antagonistic parties, the issue has an immediacy and a useful public purpose can be served by a judicial adjudication. *Lowery v. County of Jefferson,* Ky., 458 S.W.2d 168 (1970). The issue is an immediate, prominent, and non-academic concern to the public which the petitioning officials serve. Jurisdiction of the Court in such a case falls then in the discretion of the Court. 22 Am.Jur.2d, *Declaratory Judgments,* § 9, at 845. This Court concludes to exercise that discretion under KRS 418.020.

"Absent a jurisdictional obstacle the Court suggests that, based upon the evidence, the issue is more semantical than chemical. The witnesses acknowledged that any scientific proposition can have an opposing viewpoint. However, although the public officials are in controversy, the evidence clearly shows that the scientific community has no serious dispute that the 'infrared' equipment is a 'chemical' test. Infrared equipment is now employed in the 'testing' and identifying of 'chemical' substances. This and other methods, such as reagents, are only tools for analysis. The 'infrared' equipment is no more nor less than a recognized scientific examination and process to test the chemical make-up of alcohol in the blood system.

"With this conclusion by the scientific community, the legal community should have no difficulty in placing a compatible application to the statutory language.

■ "The Court indicated previously that an affirmative answer to the question proposed does not confer upon the 'infrared' equipment a status of irrebuttability or infallibility. Rather the Court has been asked and by this opinion answers that the 'infrared' equipment qualifies as a 'chemical test' as contemplated by KRS 186."

We feel it is necessary to emphasize our concurrence in the trial judge's determination that this case presents a "justiciable controversy" because advance determination will minimize the risk of wrong action by the parties, *Combs v. Matthews, supra,* and because a useful public purpose can be served by a judicial adjudication at this time. *Lowery v. County of Jefferson, supra.* We are convinced that the requested declaration is both reasonable and necessary within the purview and design of KRS 418.020.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.