**Appeal of MUHLENBERG COUNTY BOARD OF EDUCATION, the Central City Independent Board of Education, and the Greenville Independent Board of Education.**

Court of Appeals of Kentucky.

Aug. 8, 1986.

Rees Kinney, Greenville, Thomas Shewmaker, Central City, Ralph D. Vick, Greenville, for appellants.

Before McDONALD, LESTER and REYNOLDS, JJ.

McDONALD, Judge.

■ This is an appeal from a KRS 418.-020 declaratory judgment action filed in Muhlenberg Circuit Court by Muhlenberg County, Central City, and Greenville school systems. We conclude that we have the authority to review the merits of this action because of the "confusion detrimental to the school system [which] will undoubtedly result" if the situation complained of is not rectified. *Board of Education of Lexington v. Harville*, Ky., 416 S.W.2d 730, 733 (1967).

Four years ago, the Muhlenberg County, Central City, and Greenville school districts began the long, arduous task of merging their systems, which process would require the consolidation of seven high schools into two. To that effect, numerous merger agreements were entered into by the parties. By and through those agreements, the systems have, in fact, merged as of July 1, 1986. However, two hurdles yet remain which have created a volatile atmosphere, specifically concerning the election of school board members to the merged system, and a contractual provision concerning the appointment of alternate school board members.

■ The first issue for our consideration arises out of an apparent conflict between KRS 160.044 and 160.210. In a nutshell, KRS 160.044 provides that school board members elected subsequent to a merger be elected from the county at large, while 160.210 directs that members of school boards are to be elected from districts. The conflict in the statutes is further highlighted by the existence of opinion letters from the State Board of Education, via attorney Stephen Kirby, and the Attorney General's Office, which came to differing conclusions. The circuit court agreed with Kirby, who felt that the legislative history of KRS 160.044 clearly demonstrated it was meant for use in mergers in counties where a city of the first class existed. We find Kirby's view more persuasive than that of the Attorney General, and we hold that, in merger situations such as the one here, KRS 160.210 mandates that elections shall be from districts, not the county at large. As the trial court stated, and we agree, county-wide elections would merely reduce children in the rural areas to Muhlenberg County's education "stepchildren." This we cannot allow.

■ The second issue which must be resolved pertains to the method of providing alternate board members during the period of time prior to redistricting in 1987. The merger agreements provided that if, for any reason, any appointed member of the merged board could not complete his temporary term, the position was to be filled with an alternate. Obviously, the purpose of this provision was to insure that each district maintained a voice on the board until such time as the first merged board elections could be held. The conflict arose with respect to KRS 160.190, the general statute providing for the election of board members in the event of vacancies.

The trial court found, and we concur, that no conflict actually existed inasmuch as the agreements merely provided temporary security for all school districts during the critical transition. We agree that stability and fair representation was and is a valid concern of the parties, one which they chose to contractually rectify, and was neither relevant to in any way nor in conflict with the general election provisions of 160.-190. We conclude that the decision to provide protection during the interim period was a practical necessity and was provided for by the general authority granted by virtue of the merger statute. KRS 160.-040. *See also LaFollette v. Ovesen*, 314 Ky. 535, 236 S.W.2d 457 (1951).

This Court finds that jurisdiction under KRS 418.020 was proper and affirms the trial court with regard to both issues raised and determined.

All concur.