**KENTUCKY SHERIFFS ASSOCIATION INC., etc., Appellants,**

**v.**

**Joseph M. FISCHER; A.B. Chandler, III, Attorney General of Kentucky, Appellees.**

**Donald W. Blevins, Fayette Court Clerk, et al., Appellants,**

**v.**

**Joseph M. Fischer; Albert B. Chandler, III, Attorney General of Kentucky, Appellees.**

**Rebecca Jackson, Jefferson County Clerk, Appellant,**

**v.**

**Joseph M. Fischer, et al., Appellees.**

**Kentucky Jailers Association, Inc.; Harold Taylor, Appellants,**

**v.**

**Joseph M. Fischer, et al., Appellees.**

**Treasurer of the Commonwealth of Kentucky, John Kennedy Hamilton, Appellant,**

**v.**

**Joseph M. Fischer, et al., Appellees.**

**Commonwealth of Kentucky, Department of Local Government, Appellant,**

**v.**

**Joseph M. Fischer, et al., Appellees.**

**Nos. 98–SC–858–TG to 98–SC–863–TG.**

Supreme Court of Kentucky.

Feb. 18, 1999.

Sheryl G. Snyder, Mary Ann Stewart, Griffin Terry, Brown, Todd & Heyburn, PLLC, Louisville, Kentucky, for Kentucky Sheriffs Association, etc.

Joseph M. Fischer, II, Fort Thomas, Kentucky, for Joseph M. Fischer.

A.B. Chandler, III, Attorney General, Frankfort, Kentucky, William B. Pettus, Assistant Attorney General, Civil and Environmental Law, Frankfort, Kentucky, for Attorney General.

Julius Rather, Lexington, Kentucky, for Fayette Court Clerk, et al.

Samuel D. Hinkle, IV, Stoll, Keenon & Park, Louisville, Kentucky, Robert W. Kellerman, Lea Pauley Goff, Stoll, Keenon & Park, Frankfort, Kentucky, for Jefferson County Clerk.

Paul H. Twehues, Jr., Campbell County Attorney, Newport, Kentucky, for Campbell County and Campbell County Judge Executive.

C. Thomas Hectus, Ferreri, Fogle, Pohl & Picklesimer, Louisville, Kentucky, for Ken-

tucky Jailers Association, Inc., Harold Taylor.

David T. Enlow, Murphy & Enlow, Lexington, Kentucky, for Treasurer of the Commonwealth of Kentucky.

Denis Fleming, General Counsel, Office of the Governor, Frankfort, Kentucky, Richard M. Sullivan, Edward F. Busch, Richard B. Taylor, Conliffe, Sandmann & Sullivan, Louisville, Kentucky, Thomas M. Troth, General Counsel, Department of Local Government, Office of the Commissioner, Frankfort, Kentucky, for Commonwealth of Kentucky and the Department of Local Government.

STEPHENS, Justice.

The sole issue before us is whether House Bill 810, 1998 Ky.Acts ch. 610, improperly authorizes compensation in excess of the maximum compensation limits set forth in Section 246 of the Kentucky Constitution for Sheriffs, County Judges/Executive, County Clerks and Jailers who operate full-service jails. We find that it does not.

Section 246 of the Kentucky Constitution limits the General Assembly in setting compensation for public officials. It contains three caps which apply to three different categories of public officers:

> No public officer or employee except the Governor, shall receive as compensation per annum for official services, exclusive of the compensation of legally authorized deputies and assistants which shall be fixed and provided for by law, any amount in excess of the following sums: *Officers whose jurisdiction or duties are coextensive with the Commonwealth,* the mayor of any city of the first class, and Judges and Commissioners of the Court of Appeals, Twelve Thousand Dollars ($12,000); Circuit Judges, Eight Thousand Four Hundred Dollars ($8,400); all other public officers, Seven Thousand Two Hundred Dollars ($7,200). Compensation within the limits of this amendment may be authorized by the General Assembly. . . .

(emphasis added). Section 246, Ky. Const. The highest maximum compensation level applies to "officers whose jurisdiction or duties are coextensive with the Commonwealth, the

mayor of any city of the first class, and Judges and Commissioners of the Court of Appeals." *Id.* At the next highest level are circuit court judges; however, since the enactment of Section 246, the General Assembly directed circuit court judges to act as special commissioners of the Court of Appeals, thus giving them duties "coextensive with the Commonwealth" and placing them within Section 246's highest maximum compensation category. *Matthews v. Allen,* Ky., 360 S.W.2d 135, 136, 139 (1962) (upholding the constitutionality of House Bill 459, 1974 Ky.Acts ch. 318 based upon House Bill 65, 1962 Ky.Acts ch. 9, s. 1). (This case was decided prior to the adoption of the new Judicial Article which authorized the General Assembly to set compensation for the judiciary. Section 120, Ky. Const.) All other public officers are to be compensated at the third and lowest compensation level. Section 246, Ky. Const.

In 1998, the General Assembly determined that Sheriffs, County Judges/Executive, County Clerks and Jailers who operate full-service jails had duties coextensive with the Commonwealth and added them to the category of public officers eligible to be compensated under Section 246's highest compensation level. 1998 Ky.Acts ch. 610, s.1 (1–2). Shortly thereafter, respondents (formerly petitioners) filed an action for declaratory judgment in the Campbell Circuit Court challenging the constitutionality of House Bill 810's salary provisions under Section 246. They also asserted that the General Assembly, in making the finding of coextensivity of duties, had exceeded its legislative powers under Sections 27, 28, and 29 of the Kentucky Constitution, in that this finding was properly the function of the judiciary.

The Campbell Circuit Court held House Bill 810 to be unconstitutional. It found that when the General Assembly declared the duties of these public officers to be coextensive with the Commonwealth, it exceeded its legislative powers. The court noted that General Assembly had impermissibly interpreted the constitutional phrase, "coextensive with the Commonwealth," when only the Supreme Court of Kentucky could do so. As a result, the Campbell Circuit Court issued a

permanent injunction prohibiting enforcement of House Bill 810. The respondents in the original action (now the movants), appealed and requested that the case be transferred to this Court. We accepted transfer. CR 74.02.

■ The General Assembly did not exceed its legislative powers by impermissibly interpreting the Kentucky Constitution; rather, the General Assembly made a legislative finding of fact that classified Sheriffs, County Judges/Executive, County Clerks and Jailers who operate full-service jails in Section 246's highest maximum compensation category. There is nothing inherently unconstitutional in making these kinds of determinations. *See Board of Educ. of Graves Co. v. De Weese*, Ky., 343 S.W.2d 598, 606 (1960). In fact, "[t]he power to fix compensation of [public] officers is vested in the Legislature." *Meade County v. Neafus*, Ky., 395 S.W.2d 573, 574 (1965). And, while it is true that "only this Court possesses the power to say finally what the Constitution of Kentucky means," *Crayton v. Commonwealth*, Ky., 846 S.W.2d 684, 689 (1992), the General Assembly did no more than look at existing statutes governing these public officers, determine that their duties had, over the years, become coextensive with the Commonwealth, and reclassify them to a different compensation category. The General Assembly did not attempt to change the meaning of a constitutional term; it merely acted as the constitutionally empowered "determiner of adequate compensation." *Matthews*, 360 S.W.2d at 139. Thus, there was no violation of the separation of powers requirements of Sections 27, 28, and 29 of the Kentucky Constitution.

■ Nevertheless, legislative fact findings are not conclusive. *U.S. Mining & Exploration Natural Resources Co. v. City of Beattyville*, Ky., 548 S.W.2d 833, 835 (1977). If

> the Constitution limits the right of the [General Assembly] to act to certain factual situations only, it is the duty of the courts, in the protection of constitutional guaranties, to determine the existence or nonexistence of the facts authorizing legislative action. In other words, the [General Assembly] cannot lift itself by its own bootstraps in violation of the Constitution by a mere process of finding purported facts which do not exist and then act upon the authority of such finding.

*Willis v. Jonson*, Ky., 121 S.W.2d 904, 906, 275 Ky. 538 (1938). "[W]here a power is conferred by the Constitution, it must be exercised in the way directed by law." *Gaines v. O'Connell*, Ky., 204 S.W.2d 425, 429, 305 Ky. 397, 405 (1947).

■ Therefore, we must examine House Bill 810 to determine whether the General Assembly's factual finding supports the constitutionality of HB 810 or whether it violates the compensation limits of Section 246. We begin our analysis by noting that "enactments of the General Assembly have a strong presumption of constitutionality." *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186, 209 (1989). Further, this Court is obligated to "draw all reasonable inferences and implications" from a legislative enactment as a whole in order to sustain its validity, if possible. *Graham v. Mills*, Ky., 694 S.W.2d 698, 701 (1985). We will not disturb a legislative enactment based upon a finding of the General Assembly that is neither arbitrary nor capricious. *See Kentucky Harlan Coal Co. v. Holmes*, Ky., 872 S.W.2d 446, 455 (1994). In reviewing the evidence in the record and applying it to it the Constitutional requirements of Section 246, we find that all the General Assembly has done in House Bill 810 is to recognize that, over time, the duties of Sheriffs, County Judges/Executive, County Clerks and Jailers who operate full-service jails have become commensurate with the duties of other public officials already classified in the highest of the three compensation levels created by Section 246.

We have upheld this same type of legislative enactment twice before. In *Matthews v. Allen*, Ky., 360 S.W.2d 135, 136 and 139 (1962), we examined House Bill 65, 1962 Ky. Acts ch. 9, s. 1, wherein the General Assembly declared that circuit judges would become "special commissioner[s] of the Court of Appeals" and as such would perform duties "coextensive with the Commonwealth." The General Assembly did not set forth a specific list of coextensive duties,

except to say that whatever those duties might be, they could include review of appealed cases. In *Commonwealth of Kentucky ex rel Hancock v. Davis*, Ky., 521 S.W.2d 823 (1975), we upheld the constitutionality of House Bill 459, 1947 Ky.Acts ch. 318 which placed Commonwealth Attorneys in the highest maximum compensation category based upon the General Assembly's earlier declaration that the duties of Commonwealth's attorneys were coextensive with the Commonwealth. *Id.* at 826 (referring to 1966 Ky.Acts ch. 26, s.1). The General Assembly noted that some of those duties could include prosecution or participation in an action outside the Commonwealth's attorney's judicial district, but again did not set forth a list of coextensive duties. *Id.* at 826. Finally, we noted with approval a similar legislative enactment requiring county attorneys to, on occasion, perform duties coextensive with the Commonwealth. *See Commonwealth v. Wilson*, Ky., 622 S.W.2d 912, 914 (1981) (discussing 1976 Ky.Acts ch. 17, s. 7, codified at KRS 15.730).

The Kentucky Constitution must be interpreted in the spirit of a living document, one that survives changes in governmental structure and modern society. *Matthews*, 360 S.W.2d at 139. By enacting House Bill 810, the General Assembly merely recognized that numerous changes in circumstances, including governmental structure and statutory responsibilities, have compelled the recognition that Kentucky Sheriffs, County Judges/Executive, County Clerks and Jailers who operate full-service jails now exercise duties and jurisdiction coextensive with the Commonwealth. House Bill 810 is a valid and enforceable exercise of the lawmaking power of the General Assembly. The judgment of the Campbell Circuit Court is reversed.

All concur.